(No. 60444.—

REXALL CLEO PARKS *et al.*, Appellees, v. MARY ANN McWHORTER *et al.* (Mary Ann McWhorter, Appellant).

*Opinion filed March 22, 1985.—Rehearing denied May 31, 1985.*

182

Feirich, Schoen, Mager, Green & Associates, of Carbondale (Michael F. Dahlen, of counsel, and Nathan P. Maddox, law student), for appellant.

No appearance for appellees.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Mary Ann McWhorter (respondent) appealed from the

order of the circuit court of Williamson County denying her motion to vacate its interlocutory order entered in an adoption proceeding, which order terminated her parental rights to her son. The appellate court dismissed the appeal for lack of jurisdiction, and we allowed respondent's petition for leave to appeal. 94 Ill. 2d R. 315(a).

On May 23, 1983, petitioners, Rexall Cleo Parks and Eugenia Leigh Parks, filed a petition for adoption. (Ill. Rev. Stat. 1983, ch. 40, par. 1507.) Attached to the petition was a consent for adoption which respondent had signed on May 6, 1983, in Duval County, Florida. It provided that respondent "relinquish[ed] all rights to and custody of the child" to petitioners. It further provided that respondent "waive[d] notice of any proceedings for this adoption." Because respondent had waived notice of the adoption proceeding, the circuit court conducted an *ex parte* proceeding. On May 25, 1983, the circuit court entered an interlocutory order finding that respondent had consented to adoption of her son by petitioners and terminating respondent's parental rights. On June 24, 1983, respondent filed a motion to vacate the circuit court's interlocutory order. On January 18, 1984, following a hearing, the circuit court denied respondent's motion to vacate the interlocutory order, and on January 31, 1984, respondent filed a notice of interlocutory appeal. 87 Ill. 2d R. 307.

The appellate court dismissed the appeal, holding that under Supreme Court Rule 307(a), an interlocutory appeal must be perfected within 30 days from the entry of the order being appealed. It held that, because the notice of interlocutory appeal was not filed within 30 days from the date of the entry of the interlocutory order and the running of the 30-day period was not tolled by the filing of the motion to vacate the order, the appeal had to be dismissed for lack of jurisdiction.

Supreme Court Rule 307 in part provides:

"An appeal may be taken to the Appellate Court from an interlocutory order of court:

\*\*\*

(6) terminating parental rights or granting, denying or revoking temporary commitment in adoption cases;

\*\*\*.

The appeal must be perfected within 30 days from the entry of the interlocutory order by filing a notice of appeal \*\*\*." 87 Ill. 2d R. 307(a).

Respondent contends that the filing of the motion to vacate the interlocutory adoption order tolled the time within which the notice of interlocutory appeal was required to be filed. She argues that this interlocutory order is, in effect, a final order because respondent's rights have been terminated and the child has become a ward of the court (Ill. Rev. Stat. 1983, ch. 40, par. 1516(d)); and because it is, in effect, a final order, her motion to vacate should be treated as a post-trial motion which tolled the time within which a notice of appeal was required to be filed.

Although we do not agree with respondent's contentions we are nevertheless of the opinion that the appellate court erred in dismissing the appeal. A reviewing court will not ordinarily search the record for unargued and unbriefed reasons to reverse a lower court's decision; but for jurisdictional reasons such a search is appropriate. (*Saldana v. Wirtz Cartage Co.* (1978), 74 Ill. 2d 379, 386.) The record shows that although respondent was joined as a party respondent, she was not served with summons and did not make an appearance prior to the entry of the interlocutory order. Rule 307(b) provides:

"(b) Motion to Vacate. If an interlocutory order is entered on *ex parte* application, the party intending to take

an appeal therefrom shall first present, on notice, a motion to the trial court to vacate the order. An appeal may be taken if the motion is denied \*\*\*. The 30 days allowed for taking an appeal and filing the record begins to run from the day the motion is denied \*\*\*." 87 Ill. 2d R. 307(b).

Although this court has not previously defined the term *"ex parte,"* in *Stella v. Mosele* (1939), 299 Ill. App. 53, 56, the appellate court said:

"The phrase, *ex parte*, was defined in *City Nat. Bank & Trust Co. v. Davis Hotel Corp.*, 280 Ill. App. 247, as a judicial proceeding brought for the benefit of one party only, and without notice to or contest by any person adversely interested, and we there held that this definition is applicable to the phrase *ex parte* as used in Rule 21 of this court, and that 'the purpose of the rule was to prevent appeals from orders entered under circumstances indicating only partial and one-sided consideration.' "

The proceedings prior to the entry of the interlocutory order clearly fall within the foregoing definition of *ex parte*.

Long-established rules of statutory construction require that "courts liberally construe a right to appeal so as to permit a case to be considered on its merits" (*Glasco Electric Co. v. Department of Revenue* (1981), 86 Ill. 2d 346, 352), and the rules of this court should be similarly construed. We hold, therefore, that the appellate court erroneously concluded that it was without jurisdiction to hear respondent's appeal.

For the reasons stated the order of dismissal is vacated and the cause is remanded to the appellate court with directions to reinstate the cause.

*Order vacated; cause remanded, with directions.*