(No. 70312.

JAMES J. BECK, Appellee, v. CHRISTINE A. STEPP *et al.* (Bob Brockland Pontiac—GMC, Inc., Appellant).

*Opinion filed September 19, 1991.*

CUNNINGHAM, J., took no part.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (William F. Kopis, Bruce L. Carmen and Dawn Sallerson, of counsel), for appellant.

Gregory K. Allsberry, of Susman, Schermer, Rimmel & Shifrin, of St. Louis, Missouri, for appellee.

CHIEF JUSTICE MILLER delivered the opinion of the court:

The plaintiff, James J. Beck, brought the present action in the circuit court of St. Clair County against the defendants, Christine Stepp and Bob Brockland Pontiac—GMC, Inc. The plaintiff sought compensation for property damage and personal injuries he sustained as the result of a collision between his motorcycle and an automobile driven by Stepp and owned by Brockland. Following a hearing, the trial judge granted defendant Brockland's motion for summary judgment. Four months later, the trial judge entered an order purportedly denying the same motion *nunc pro tunc*. A divided panel of the appellate court ruled that the *nunc pro tunc* modification was proper and accordingly dismissed Brockland's appeal for lack of a final order. (197 Ill. App. 3d 1109 (unpublished order under Supreme Court Rule 23).) We allowed Brockland's petition for leave to appeal (134 Ill. 2d R. 315(a)).

Defendant Bob Brockland Pontiac—GMC, Inc., an automobile dealership, allows its sales staff to use demonstration cars for personal purposes. On November 1, 1986, Tom Suarez, a Brockland salesman, used the automobile assigned to him to drive to a party, where he consumed several alcoholic drinks. Later that night, Suarez felt unfit to drive and asked a friend, Christine Stepp, to operate the Brockland automobile. While she was driving the car, Stepp struck the plaintiff's motorcycle from the rear when the plaintiff was stopped at a red light. The accident occurred shortly after 1 o'clock in the morning on November 2, 1986, at an intersection in East St. Louis township, in St. Clair County.

Plaintiff commenced the present action on March 25, 1987, by filing a complaint in the circuit court of St. Clair County. Named as defendants in the action were

Brockland and Stepp. Plaintiff alleged that Stepp, as driver of the car, was Brockland's agent. Brockland later filed a motion for summary judgment, contending that the dealership was not vicariously liable for Stepp's conduct because she was not the company's agent. A hearing on the motion was conducted by way of a telephone conference call on April 6, 1988. Following the call, the trial judge entered an order granting Brockland summary judgment. The order stated:

> "D BROCKLAND'S MOTION FOR SUMMARY JUDGMENT—ALLOWED. NO JUST CAUSE TO PREVENT APPEAL (APPEA[LA]BLE ORDER)"

At Brockland's request, the trial judge entered an order on April 12, 1988, stating, in the language of Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)), that there was "no just reason for delaying enforcement or appeal of the Court Order entered April 6, 1988 granting Bob Brockland Pontiac—GMC, Inc.'s motion for Summary Judgment." For reasons that are not clear from the record, the trial judge entered a duplicate order two days later, on April 14.

On April 15 the trial judge received a letter from plaintiff's counsel, dated the previous day. Counsel's letter stated:

> "On Wednesday, April 6, the Court held a conference call with counsel for the parties pertaining to Brockland's Motion for Summary Judgment. I understood the Court to announce that it was denying the Motion, but the Order states that the Motion was allowed.
>
> Thank you for your attention to this matter."

The plaintiff sent a copy of the letter to counsel for each of the two defendants.

On June 2, 1988, defendant Brockland filed a special and limited appearance contesting the circuit court's jurisdiction over it and asking the trial judge to decline to take any further action with respect to the plaintiff's

claim against the dealership. After a conference call on June 7, the trial court reserved ruling on the jurisdictional question and entered an order setting a briefing schedule on the issue. Following a conference call on August 24, 1988, the court entered an order purportedly amending the April 6 order *nunc pro tunc*. The August 24 order stated:

> "AFTER DISCUSSION—ORDER OF APRIL 6, 1988—CHANGED TO READ—Ds [*sic*] BROCKLAND'S MOTION FOR SUMMARY JUDGMENT—*DENIED* INSTEAD OF *ALLOWED—(NUNC PRO TUNC)*" (Emphasis in original.)

Defendant Brockland appealed, contending that the August order was void because the trial court lacked jurisdiction to vacate or modify the earlier order allowing its motion for summary judgment. The appellate court, with one justice dissenting, ruled that the *nunc pro tunc* order was valid and dismissed the appeal. (197 Ill. App. 3d 1109 (unpublished order under Supreme Court Rule 23).) The majority reasoned that the later order was merely a correction of the earlier one. Because the denial of a motion for summary judgment is not a final order, the court dismissed Brockland's appeal. The dissenting justice believed that the *nunc pro tunc* order was improper because it was not supported by any evidence in the record. (197 Ill. App. 3d 1109 (unpublished order under Supreme Court Rule 23) (Chapman, J., dissenting).) We allowed Brockland's petition for leave to appeal (134 Ill. 2d R. 315(a)).

Brockland asks this court to reinstate the April 1988 order granting its motion for summary judgment by finding the August 1988 *nunc pro tunc* order improper and, therefore, void. Brockland asserts that the August order is invalid because it does not meet the requirements for entry of *nunc pro tunc* orders.

In general, a trial court loses jurisdiction to vacate or modify its judgment 30 days after entry of judgment (*Fox v. Department of Revenue* (1966), 34 Ill. 2d 358, 362; *People ex rel. Sweitzer v. City of Chicago* (1936), 363 Ill. 409, 413), unless a timely post-judgment motion is filed (*Elg v. Whittington* (1987), 119 Ill. 2d 344; Ill. Rev. Stat. 1987, ch. 110, par. 2—1203 (nonjury cases)). At any time, however, a court may modify its judgment *nunc pro tunc* to correct a clerical error or matter of form so that the record conforms to the judgment actually rendered by the court. *In re Estate of Young* (1953), 414 Ill. 525, 534.

The purpose of a *nunc pro tunc* order is to correct the record of judgment, not to alter the actual judgment of the court. A *nunc pro tunc* order may not be used to supply omitted judicial action, to correct judicial errors under the pretense of correcting clerical errors, or to cure a jurisdictional defect. (*Kooyenga v. Hertz Equipment Rentals, Inc.* (1979), 79 Ill. App. 3d 1051, 1056.) Judgments may be modified *nunc pro tunc* only when the correcting order is based upon evidence such as a "note, memorandum or memorial paper remaining in the files or upon the records of the court." (*Fox*, 34 Ill. 2d at 360.) The evidence supporting a *nunc pro tunc* modification must clearly demonstrate that the order being modified fails to conform to the decree actually rendered by the court. *Young*, 414 Ill. at 534.

Nothing in the record in the present case indicates that the order entered by the trial judge on April 6 allowing defendant Brockland's motion for summary judgment was not the ruling actually rendered by the court. Three separate entries in the record clearly and consistently indicate that Brockland's motion for summary judgment was granted. On April 6, the trial judge entered a handwritten order reflecting that it was allowing defendant Brockland's motion for summary judgment.

Shortly after that, the trial judge entered two separate but identical orders declaring the April 6 order to be immediately appealable, pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)). The April entries are clear and consistent, and their meaning is uncontradicted.

*Nunc pro tunc* orders must be based upon definite and precise evidence in the record. (*Dauderman v. Dauderman* (1970), 130 Ill. App. 2d 807.) The certainty of evidence must be assured without reliance upon the memory of the judge or any other person, and a *nunc pro tunc* order cannot be based upon *ex parte* affidavits or testimony. (*Fox*, 34 Ill. 2d at 360.) We find nothing in the record in the present case to support the plaintiff's theory that the trial judge did not allow Brockland's motion for summary judgment at the conclusion of the April 6 hearing. Accordingly, the August order cannot be deemed a valid *nunc pro tunc* modification of the court's original ruling.

As an alternative ground for upholding the appellate court judgment, plaintiff contends that his counsel's letter of April 14 was in substance a post-judgment motion and that the trial court retained jurisdiction to alter its previous order by granting appropriate relief to plaintiff. We note that defendant Brockland has abandoned its earlier argument, under *Elg v. Whittington* (1987), 119 Ill. 2d 344, that the trial court would have lacked jurisdiction to grant any post-judgment relief more than 30 days after entry of a final order containing a Rule 304(a) finding. (See *Cain v. Sukkar* (1988), 167 Ill. App. 3d 941.) Assuming, without deciding, that under the law in effect at the time of the proceedings the trial court would have possessed jurisdiction to grant post-judgment relief in these circumstances, we consider here whether plaintiff filed a proper post-judgment motion.

The statute governing post-judgment motions in non-jury cases provides:

"In all cases tried without a jury, any party may, within 30 days after the entry of the judgment * * *, file a motion for a rehearing, or a retrial, or modification of the judgment, or to vacate the judgment or for other relief." (Ill. Rev. Stat. 1987, ch. 110, par. 2—1203(a).)

Contending that there is no prescribed format for post-judgment motions, plaintiff argues that the letter sent to the trial court qualified as a post-judgment motion. We do not agree.

A post-judgment motion must include a request for at least one of the forms of relief specified in section 2—1203. (*Marsh v. Evangelical Covenant Church* (1990), 138 Ill. 2d 458, 461; *Fultz v. Haugan* (1971), 49 Ill. 2d 131, 136.) In addition, a post-judgment motion must allege grounds that would warrant the granting of the relief requested. (*Andersen v. Resource Economics Corp.* (1990), 133 Ill. 2d 342, 347.) Finally, a post-judgment motion must be filed with the clerk of the court, and copies of the motion must be served upon all parties. (134 Ill. 2d R. 104(b).) Applying these criteria to the case before us, we conclude that counsel's letter to the trial judge failed in all material respects to qualify as a post-judgment motion.

A post-judgment motion must seek one or more forms of relief specified in section 2—1203. (*Marsh*, 138 Ill. 2d at 461; *Fultz*, 49 Ill. 2d at 136.) These forms of relief include rehearing, retrial, modification of judgment, and vacation of judgment, among others. Plaintiff contends that the closing phrase of the letter, which thanked the judge for his attention to the matter, was a request for action by the court. Citing *Knapp v. City of Decatur* (1987), 160 Ill. App. 3d 498, plaintiff argues that the letter complied with the requirements of section 2—1203 because it "specifically addressed the court's prior ruling and sought modification or other relief from that ruling." In *Knapp*, the appellate court determined

that a party's motion for findings qualified as a post-judgment motion requesting "other relief" because "[t]he motion for findings requests, in effect, a change in the form of the original judgment to reflect the actual action taken." (*Knapp*, 160 Ill. App. 3d at 503.) Without determining the merits of *Knapp*, we consider that plaintiff's reliance on that case is misplaced.

We interpret counsel's letter as simply expressing the attorney's alleged understanding of the April 6 conference call and his disagreement with the order entered by the court. We do not construe the letter, standing alone, to be an application to the court for judicial action. The letter did not express a request for modification of the earlier judgment. Nor did it specify a request for "other relief," which has been construed as being limited to requests that are similar in nature to the relief specified in section 2–1203. *Marsh*, 138 Ill. 2d at 461.

A post-judgment motion must also specify grounds that would warrant granting the relief requested. (*Andersen v. Resource Economics Corp.* (1990), 133 Ill. 2d 342, 347.) Counsel's letter failed to do so. At most, the letter could be construed as an indication that plaintiff intended later to file a motion for reconsideration or modification. A notice of a motion, however, is not itself a motion, for it is not an application to a court. See *Kollath v. Chicago Title & Trust Co.* (1975), 62 Ill. 2d 8, 10.

A post-judgment motion "shall be filed with the clerk" of the court with a certificate of counsel or other proof that copies have been served on all parties (134 Ill. 2d R. 104(b)). Counsel did not file the letter in the circuit clerk's office but instead mailed it directly to the trial judge at his chambers. A post-judgment motion must also be served on the parties involved in litigation. Here, plaintiff did not formally serve defendant with a copy of the letter, but simply mailed the defense attorneys a copy of it. Plaintiff's contention that the letter

242

functioned as a post-judgment motion is belied by his own attorney's uniform filing system: a system in which all matters clearly labelled as motion, pleading, or notice were filed with the clerk's office.

We conclude that the trial court's *nunc pro tunc* modification of its earlier order was improper and therefore void. In addition, we conclude that the letter sent to the trial court by plaintiff's counsel was not a post-judgment motion. For these reasons the judgment of the appellate court dismissing defendant's appeal is vacated and the circuit court's original ruling granting defendant's motion for summary judgment is reinstated.

*Appellate court reversed;*
*summary judgment reinstated.*

JUSTICE CUNNINGHAM took no part in the consideration or decision of this case.