Docket No. 92162–Agenda 11–May 2002.

KINGBROOK, INC., Appellant, v. JOHN A. PUPURS 
et al
., Appellees.

Opinion filed October 18, 2002.

JUSTICE FREEMAN delivered the opinion of the court:

The subject of this appeal is appellate jurisdiction. The circuit court of Boone County entered summary judgment against plaintiff Kingbrook, Inc. (Kingbrook), and denied Kingbrook’s motion to reconsider. Kingbrook appealed, but the appellate court found that Kingbrook’s motion to reconsider was ineffective to toll the time for filing a notice of appeal. Accordingly, the appellate court found the notice of appeal to be untimely and dismissed Kingbrook’s appeal. The question before us is: In a nonjury case, what degree of detail must be included in a motion to reconsider for such a motion to qualify as a “post-judgment motion” within the meaning of the Code of Civil Procedure (see 735 ILCS 5/2–1203 (West 1998)) and the rules of this court (see 155 Ill. 2d R. 301(a)), such that the motion will toll the time for filing a notice of appeal until its disposition?

BACKGROUND

Kingbrook sued John A. Pupurs and Rockford Manufacturing, Inc. (Rockford), based on a theory of unjust enrichment, and sued R&D Thiel, Inc. (Thiel), for unjust enrichment and breach of contract. Although the issues before this court are solely procedural, we briefly note that according to the allegations of the complaint, Kingbrook is a commercial real estate agent which showed a specific property to Thiel. Thiel placed multiple offers on the property, but never completed a purchase from the original seller. Instead, the property was sold to Rockford, a corporation of which Pupurs is the sole shareholder. Rockford then sold the property to Thiel for $500,000 more than Rockford had paid the original seller. Kingbrook, characterizing Rockford’s profit as a commission, sued Rockford, Pupurs and Thiel on the above-noted theories.

Rockford, Pupurs and Thiel (collectively, defendants) moved to dismiss Kingbrook’s complaint for failure to state a claim, and the circuit court granted that motion. However, this judgment was reversed on appeal and the cause was remanded to the circuit court for further proceedings. 
Kingbrook, Inc. v. Pupurs
, Nos. 2–98–1120, 2–98–0550 cons. (2001) (unpublished order under Supreme Court Rule 23).

It is at this time that the proceedings pertinent to this appeal began. On remand, defendants moved for summary judgment. The circuit court entered summary judgment in favor of defendants on January 21, 2000. On February 17, 2000, Kingbrook filed a document titled “Motion For Reconsideration.” The body of that document read, in its entirety, as follows:

“N[ow comes] the plaintiff, K[ingbrook, Inc.], an Illinois corporation, by and through its attorneys, B[arrick], S[witzer], L[ong], B[alsey] & V[anavera], and hereby moves the Court to reconsider its decision granting severing [
sic
] judgment in favor of the Defendants.”

No additional materials in support of or opposition to the motion were filed by any party or requested by the circuit court. Kingbrook noticed up the motion within the time allowed by the circuit court rules, and the circuit court denied the motion on April 28, 2000.

On May 30, 2000, Kingbrook filed a notice of appeal. In the appellate court, defendants moved to dismiss the appeal for want of jurisdiction, arguing that Kingbrook’s notice of appeal was late because the motion to reconsider was not a proper post-judgment motion. The appellate court agreed with defendants and dismissed the appeal. No. 2–00–0611 (unpublished order under Supreme Court Rule 23). We granted Kingbrook leave to appeal. 155 Ill. 2d R. 315(a).

ANALYSIS

Before this court there is but one central issue. The parties agree that the filing of a timely notice of appeal is mandatory and jurisdictional. 
R.W. Dunteman Co. v. C/G Enterprises, Inc.
, 181 Ill. 2d 153, 159 (1998). The parties also agree that the notice of appeal was timely if and only if Kingbrook’s motion to reconsider tolled the 30-day filing period.
(footnote: 1) The sole question is whether Kingbrook’s motion did toll the filing period. The parties’ arguments may be briefly summarized as follows. Kingbrook contends that neither the Code of Civil Procedure nor the rules of this court demand any specificity in post-judgment motions in cases decided without a jury, whereas the Code does explicitly require specificity in post-judgment motions in cases decided by a jury. Thus, Kingbrook argues, the motion filed in this case was sufficient because it was timely filed, was in proper form, and requested the appropriate type of relief. Defendants respond that a bare motion with no specifics, such as the motion in this case, cannot serve the purpose of a proper post-judgment motion and is nothing more than a subterfuge to delay the time for filing the notice of appeal. Such chicanery, defendants argue, should not be countenanced. 
Some
 detail, 
some
 argument, they contend, must be presented for a post-judgment motion to toll the time for filing the notice of appeal.

The pertinent portions of the Code and our rules read as follows. Our Rule 303(a)(1) governs when a notice of appeal must be filed in civil cases. It states that

“Except as provided in paragraph (b) below, the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed, whether in a jury or a nonjury case, within 30 days after the entry of the order disposing of the last pending post-judgment motion.” 155 Ill. 2d R. 303(a)(1).

Section 2–1203(a) of the Code, which governs post-judgment motions in cases decided without a jury, provides that

“In all cases tried without a jury, any party may, within 30 days after the entry of the judgment or within any further time the court may allow within the 30 days or any extensions thereof, file a motion for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief.” 735 ILCS 5/2–1203(a) (West 1998).

Kingbrook also calls our attention to section 2–1202 of the Code, which governs post-trial motions in cases decided by a jury. Section 2–1202(b) provides in part that

“Relief desired after trial in jury cases, heretofore sought by reserved motions for directed verdict or motions for judgment notwithstanding the verdict, in arrest of judgment or for new trial, must be sought in a single post-trial motion. *** The post-trial motion must contain the points relied upon, particularly specifying the grounds in support thereof, and must state the relief desired, as for example, the entry of a judgment, the granting of a new trial or other appropriate relief.” 735 ILCS 5/2–1202(b) (West 1998).

Our primary job in interpreting statutes is to ascertain and give effect to the intent of the legislature. 
Michigan Avenue National Bank v. County of Cook
, 191 Ill. 2d 493, 503-04 (2000). The plain language of a statute provides the most reliable indicator of legislative intent, and “ ‘[w]e must not depart from the plain language of [a statute] by reading into it exceptions, limitations, or conditions that conflict with the express legislative intent.’ ” 
Zimmerman v. Village of Skokie
, 183 Ill. 2d 30, 56 (1998), quoting 
Barnett v. Zion Park District
, 171 Ill. 2d 378, 389 (1996). Moreover, if the meaning is not unmistakable from the face of the statute, our civil appeals rules are to be interpreted liberally, in order that lawsuits may be decided on the merits. 
Parks v. McWhorter
, 106 Ill. 2d 181, 185 (1985); 735 ILCS 5/1–106 (West 1998).

Each side claims support for its position in previous decisions of this court. Defendants rely on 
Beck v. Stepp
, 144 Ill. 2d 232 (1991), and 
Andersen v. Resource Economics Corp.
, 133 Ill. 2d 342 (1990), both of which involved the same basic question as the case at bar: whether a particular document constituted a post-judgment motion within the meaning of section 2–1203(a) of the Code. Defendants note that in those cases, this court explicitly stated that specificity is required in post-judgment motions. See 
Beck
, 144 Ill. 2d at 241; 
Andersen
, 133 Ill. 2d at 347. They suggest that this precedent is conclusive.
(footnote: 2)
 Kingbrook contends that 
Beck
 and 
Andersen
 are not controlling. Kingbrook argues that in both cases the court had already concluded that the documents in question were not post-judgment motions for other reasons than the lack of specificity and thus that the mention of specificity was 
dictum
. Moreover, Kingbrook notes that when mentioning the specificity requirement, 
Beck
 merely cited 
Andersen
, and the only authority cited in 
Andersen
 was 
Brown v. Decatur Memorial Hospital
, 83 Ill. 2d 344 (1980). Kingbrook contends that this chain of precedent casts doubt on the validity of the statements in 
Beck
 and 
Andersen
, because 
Brown
 involved a post-judgment motion after a jury verdict. As Kingbrook points out, sections 2–1202 and 2–1203 of the Code differ, in that the former–which governs post-judgment motions after a jury verdict–explicitly requires specificity and the latter does not. See 
Berg v. Allied Security, Inc., Chicago
, 297 Ill. App. 3d 891, 894-97 (1998), 
vacated & dismissed on other grounds
, 193 Ill. 2d 186 (2000). Moreover, even in 
Brown
 this court did not hold that the nonspecific post-judgment motion did not qualify as a post-judgment motion at all. Rather, we stated that the motion was insufficient to preserve specific issues for appeal, and 
affirmed
 the appellate court’s judgment 
affirming
 the judgment entered on the jury verdict. We did not find a lack of appellate jurisdiction in 
Brown
.

For Kingbrook’s part, it relies on 
Berg v. Allied Security, Inc.
, 193 Ill. 2d 186 (2000). Kingbrook notes that after considering various contentions as to why specificity should be required of post-judgment motions under section 2–1203, the statement was made that such arguments were only

“ ‘reason[s] for denying the motion or granting counsel an additional opportunity to respond after the initial hearing is concluded. It is not a reason for holding that the motion does not even qualify as a motion. A lame horse, after all, is still a horse.’ ” 
Berg
, 193 Ill. 2d at 200 (Harrison, C.J., dissenting).

However, as Kingbrook admits, the language on which it relies is contained in a dissent; it does not represent a holding of this court. The majority did not address whether the motion sufficed to toll the time for filing the notice of appeal. 
Berg
, 193 Ill. 2d at 188.

Nevertheless, we find that the plain language of the Code and rules supports Kingbrook’s position. Rule 303(a) makes no mention of the contents of any post-judgment motion. It merely states that if a motion is filed, a notice of appeal must be filed within 30 days after the order disposing thereof. Nor does section 2–1203(a) of the Code speak to the contents of any such motion–in direct contradistinction to section 2–1202(b) of the Code, governing post-judgment motions in cases decided by a jury. Compare 735 ILCS 5/2–1203(a) (West 1998) with 735 ILCS 5/2–1202(b) (West 1998) (post-trial motions after a jury verdict “must contain the points relied upon, particularly specifying the grounds in support thereof”). There simply is no basis in the plain language of the Code or our rules for a specificity requirement.

There are practical difficulties as well with the notion of holding that a timely, properly filed post-judgment motion which requests appropriate relief might not qualify as a motion because of a lack of specificity. For instance, although it may seem unlikely, it is not difficult to imagine a circumstance in which a circuit court might wish to 
grant
 such a motion. A judge could take cross-motions for summary judgment under advisement, then sign the wrong order. Upon presentation of even a cursory motion for reconsideration, the court could realize its error and enter the judgment it had intended to enter. But if the cursory motion was 
not even a motion
, as defendants argue, the court would be without jurisdiction to enter such an order if 30 days had elapsed from the entry of the mistaken judgment.
(footnote: 3) Indeed, the court would lose jurisdiction to enter 
any
 order, even an order denying or striking the purported post-judgment motion.

On the other hand, the burdens on a victorious litigant by tolling the time for filing a notice of appeal until disposition of all properly formed and filed motions are relatively slight. Such motions must be brought within 30 days of judgment or such extension of time as the trial court might grant within 30 days after the entry of judgment. Local rules of court generally will require motions to be noticed up for hearing within a fairly short time after their filing–in this case, two months. This delay is an inconvenience, to be sure, but we cannot help but note that motions for extensions of time are fairly routinely granted in the appellate court and this court; a three-month delay is hardly without precedent. It does not, at any rate, persuade us to ignore the plain language of the Code and rules and to muddy the waters of jurisdiction.

Defendants protest that a nonspecific post-judgment motion cannot serve the purpose of a post-judgment motion–giving the circuit court the opportunity to correct its errors before a case is brought up on appeal. Kingbrook rejoins that especially in a case such as the instant one, which was decided on a motion for summary judgment, the arguments of the losing party would have been presented to the court quite recently, in the briefing in opposition to the motion for summary judgment. Kingbrook argues that there would be no point in requiring a party to reiterate the same arguments to avoid risking its right to an appeal.

We decline to hold that post-judgment motions in nonjury cases must contain some undefined degree of detail, lest the filer risk that the reviewing court hold that the motion is not a motion at all. It is not clear that a nonspecific motion could not fulfill its role, and there is no reason to require the filer to guess how much detail is enough.

Defendants also argue that we should uphold the dismissal of the appeal because of certain conduct by Kingbrook in the circuit court. Defendants contend that counsel for Kingbrook did not even prepare a draft order by the entry of which the circuit court could have granted the motion, but prepared only the order entered in this case, which denied its motion. Further, they refer to a letter from counsel for Kingbrook to counsel for defendants in which the author stated that he “intend[ed] to present [the draft order denying the motion] to the Judge on the scheduled date so that the matter could be concluded.” Defendants contend that these facts evince that the motion was not made in good faith. Kingbrook objects that there is no evidence of record that Kingbrook prepared only the draft order denying its motion, and also argues that the letter to which defendants refer is not properly of record and should not be considered.

These contentions are irrelevant to our analysis. The issue before us is the jurisdiction of the appellate court. Defendants’ argument is, at its heart, that the appeal was properly dismissed because the motion to reconsider was brought solely as a delaying tactic–in other words, that dismissal was proper because of Kingbrook’s motives for bringing the motion. But defendants cite no authority, nor are we aware of any, that suggests that jurisdiction should depend on the perceived intent or mind-set of the litigants. Reviewing courts are generally unsuited to fact-finding; appellate jurisdiction is not and should not be based on inferences the reviewing court draws from a cold record regarding the motives of the parties in making filings before the circuit court. If the litigant satisfies the requirements of the Code and rules, jurisdiction vests in the appellate court; otherwise, not. The good or bad faith of the parties does not enter into the equation.

There are procedures in place to resolve contentions of bad-faith litigation. Our Rule 137 specifically allows a party to request sanctions against a party and its counsel for filings “interposed for any improper purpose, such as to harass 
or to cause unnecessary delay
 or needless increase in the cost of litigation.” (Emphasis added.) 155 Ill. 2d R. 137. We believe that accusations and imputations of bad-faith litigation must be dealt with as such, within the channels established for resolution of such issues, rather than requiring reviewing courts to make factual determinations in the first instance, in the context of deciding their jurisdiction to review the merits of the case. We of course intimate no opinion as to whether any conduct in the instant case might be sanctionable. In this case, as in general, that fact-based determination should be made initially by the circuit court.

CONCLUSION

For the reasons stated above, the order of the appellate court dismissing the appeal is reversed and the cause is remanded to the appellate court for consideration of the merits of the appeal.

Reversed and remanded.

JUSTICE RARICK took no part in the consideration or decision of this case.

JUSTICE GARMAN, specially concurring:

I agree with the majority’s conclusion that the motion in question was permissible under the current language of section 2–1203(a). I write separately to express serious concerns regarding the practical effects of the statute in its current form.

As the majority states, section 2–1203(a) of the Code makes mention of the contents of any post-judgment motion. As such, the majority correctly concludes that the plain language of the Code provides no basis for a specificity requirement. However, the current requirements raise the specter that a motion need be nothing more than an empty shell in order to be effective. Permitting skeletal motions invites sloppiness and will only create more confusion for reviewing courts. A motion that is devoid of detail does not meaningfully inform the trial court, or reviewing courts, of what objections or points have been raised. A party could, theoretically, file a motion that says nothing more than, “We request a do over.”

Furthermore, it is not difficult to envision abuse of the requirements as currently written. The lack of a specificity requirement encourages spurious pleadings or blatant attempts to extend the time for leave to appeal through the filing of an empty, meaningless motion to reconsider.

While I agree with the majority that the filer of a motion should not have to guess how much detail is enough (slip op. at 8), there is a difference between insufficient detail and no detail at all. I believe that a motion containing absolutely no identification and articulation of objections or points does not contribute to fair and informed decisionmaking. The law demands some specificity to be administered effectively and consistently. To that end, I sincerely hope that the legislature addresses the lack of any content requirements for motions to reconsider in nonjury cases.

JUSTICE KILBRIDE joins in this special concurrence.

FOOTNOTES
1:     
1
The motion for reconsideration was denied on April 28. The thirtieth day after April 28 was a Sunday, and the next day was Memorial Day, a court holiday. The notice of appeal was filed the next day, and thus was timely if the petition was effective to toll the 30-day period for filing the notice.

2:     
2
Defendants also cite several appellate court cases for the proposition that some degree of specificity is required for a post-judgment motion to qualify as such. See 
Town of Sugar Loaf v. Environmental Protection Agency
, 305 Ill. App. 3d 483 (1999); 
Robertson v. Winnebago County Forest Preserve District
, 301 Ill. App. 3d 520, 522-23 (1998); 
Sho-Deen, Inc. v. Michel
, 263 Ill. App. 3d 288 (1994). 
Contra
 
Berg v. Allied Security, Inc., Chicago
, 297 Ill. App. 3d 891 (1998), 
vacated & dismissed on other grounds
, 193 Ill. 2d 186 (2000). As Kingbrook notes, however, all of the appellate authority on which defendants rely stems from 
Beck
 and 
Andersen
.

3:     
3
It is possible, of course, that the court might be able to enter an order 
nunc pro tunc
 to correct such an error even after losing jurisdiction. 
Beck
, 144 Ill. 2d at 238. However, 
nunc pro tunc
 orders cannot be entered unless they are “based upon definite and precise evidence 
in the record
,” and their accuracy cannot rest “upon the memory of the judge or any other person.” (Emphasis added.) 
Beck
, 144 Ill. 2d at 239. So, while in some cases the court could properly correct an error 
nunc pro tunc
 after having lost jurisdiction, certainly in other cases it could not do so. Indeed, we found the circuit court’s 
nunc pro tunc
 modification of its earlier order to be improper in 
Beck
 because of a lack of record evidence showing that the initial order was a mistake. 
Beck
, 144 Ill. 2d at 239.