# Illinois Official Reports

## Appellate Court

---

**_Brennan v. Travelers Home & Marine Insurance Co._, 2016 IL App (1st) 152830**

---

| | |
|---|---|
| Appellate Court Caption | MARTY BRENNAN and MEGAN BRENNAN, Individually and as Executor of the Estate of Anne Flanagan, Plaintiffs-Appellants, v. TRAVELERS HOME AND MARINE INSURANCE COMPANY and RUFINA CUEVAS ROGEL, Defendants (Travelers Home and Marine Insurance Company, Defendant-Appellee). |
| District & No. | First District, Second Division<br>Docket No. 1-15-2830 |
| Filed | July 26, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 14-CH-19579; the Hon. Kathleen M. Pantle, Judge, presiding. |
| Judgment | Appeal dismissed in part and affirmed in part. |
| Counsel on Appeal | James P. Newman & Associates, LLC, of St. Charles (James P. Newman, of counsel), for appellants.<br><br>Smith Amundsen LLC, of Chicago (Michael Resis and Richard T. Valentino, of counsel), for appellee. |
| Panel | JUSTICE NEVILLE delivered the judgment of the court, with opinion.<br>Justices Simon and Hyman concurred in the judgment and opinion. |

**OPINION**

¶ 1    In *Fultz v. Haugan*, 49 Ill. 2d 131 (1971), our supreme court held that a postjudgment motion to amend the pleadings does not extend the time for filing a notice of appeal. In *Kingbrook, Inc. v. Pupurs*, 202 Ill. 2d 24 (2002), our supreme court held that a motion nominally directed against the judgment extends the time for filing a notice of appeal, even when the motion includes no specific reasons for the requested relief. What happens when, following the dismissal of a complaint with prejudice, the plaintiffs file a postjudgment motion titled "Motion to Reconsider," but seek as relief only permission to file an amended complaint?

¶ 2    The circuit court entered a judgment dated June 18, 2015, granting a motion of the defendant, Travelers Home and Marine Insurance Company, to dismiss the complaint filed by the plaintiffs, Marty and Megan Brennan. The plaintiffs filed a "Motion to Reconsider," asking for leave to file an amended complaint. The circuit court denied the motion in October 2015, and the plaintiffs promptly filed a notice of appeal. We hold that the plaintiffs' motion to reconsider does not count as a motion directed against the judgment of June 18, 2015, and it did not extend the time for filing a notice of appeal. Therefore, the appellate court lacks jurisdiction to consider the arguments directed against the dismissal of the complaint with prejudice. This court has jurisdiction to review the circuit court's October 2015 order denying the plaintiffs leave to amend their complaint, but the plaintiffs have not stated proper grounds for finding error in the denial of leave to amend. Accordingly, we dismiss the appeal in part, and we affirm the circuit court's judgment in part.

¶ 3                                    BACKGROUND

¶ 4    Anne Flanagan permitted her daughter, Megan Brennan, and Megan's husband, Marty Brennan, to use a car Flanagan owned. Flanagan purchased insurance for the car from Travelers Home and Marine Insurance Company. After Flanagan died in November 2013, the Brennans continued using Flanagan's car and paying insurance premiums to Travelers. Flanagan's estate transferred the car's title to Megan in June 2014.

¶ 5    In October 2014, Marty got into an automobile accident while driving the car. When Travelers refused to pay their claim, the Brennans filed a complaint against Travelers. Travelers filed a motion to dismiss under section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2014)), arguing that the policy had terminated prior to the accident due to Flanagan's death.

¶ 6    The circuit court entered an order dismissing the complaint with prejudice on June 18, 2015. That same day the Brennans filed a "Motion to Reconsider Dismissal Order of June 18, 2015," in which they said:

"Plaintiffs request that this Court grant [them] leave to file an amended complaint for several reasons:

a. Travelers has wrongfully retained Plaintiff[s'] car since the accident and Plaintiff[s] wish[ ] to amend the complaint to allege conversion; and

b. The Court's dismissal order indicates that '*Plaintiffs have not induced any facts that show that they relied on any of Travelers conduct…*' *** Plaintiffs can allege sufficient facts to demonstrate reliance, and wish to amend their complaint to plead such causes of action.

WHEREFORE, Plaintiffs *** pray this Honorable Court reconsider its dismissal with prejudice and allow the plaintiffs 28 days to file an amended complaint, and any further relief this Court may deem fair and just." (Emphasis in original.)

¶ 7 The motion did not present any reasons for relief other than permission to file an amended complaint. On October 2, 2015, the circuit court entered an order in which it stated, "Motion to Reconsider and for Leave to File Amended Complaint is denied." The Brennans filed their notice of appeal on October 6, 2015. In their brief, they argue that the circuit court should not have dismissed the complaint on June 18, 2015, and the court should have granted them leave to file the proposed amended complaint with the new counts added.

¶ 8                                    ANALYSIS

¶ 9 Travelers, citing *Fultz*, contends that this court lacks jurisdiction to consider the challenge to the order dated June 18, 2015. The Brennans cite *Muirfield Village-Vernon Hills, LLC v. K. Reinke, Jr. & Co.*, 349 Ill. App. 3d 178 (2004), as authority showing that this court has jurisdiction to consider the challenge to the order of June 18, 2015, as well as the order of October 2, 2015.

¶ 10 In *Fultz*, the circuit court granted a motion to dismiss the complaint on March 31, 1970. The plaintiff filed a motion to vacate on April 21, 1970, and the circuit court denied the motion on April 24, 1970. On May 18, 1970, the plaintiff filed a motion for leave to file an amended complaint, and the circuit court denied the motion on July 2, 1970. The plaintiff subsequently filed a notice of appeal. The *Fultz* court said:

"It is plaintiff's position that the motion for leave to file an amended complaint *** extended the time within which to file further motions attacking the original order. With this we do not agree. [Illinois Supreme Court] Rule 303(a) [(eff. July 1, 1971)] provides for extending the time for filing notices of appeal to 30 days after the disposition of a motion 'directed against the judgment.' *** A motion for leave to file an amended complaint is not *** a motion 'directed against the judgment.'

*** The appeal from the order of March 31 and the order of April 24 will be dismissed.

On this appeal we can therefore only consider the propriety of the two orders entered on July 2. ***

After judgment a pleading may be amended only to conform the pleadings to the proofs. (Ill. Rev. Stat. 1969, ch. 110, par. 46(3) [(now codified at 735 ILCS 5/2-616(c) (West 2014))]; [citation].) The judgment of March 31 was a final order disposing of the case. It was never vacated or set aside. Plaintiff could therefore only amend the complaint to make the same conform to the proof. However, the order of March 31 was entered pursuant to the defendant's motion to dismiss and no evidence by way of testimony or otherwise was presented, and thus no proof with which to make the complaint conform after judgment.

The amended complaint tendered was in three counts. The first count was identical with the original complaint dismissed, and counts II and III added new parties and new causes of action. Such an amendment would have been appropriate before final

judgment [citation], but is not proper after judgment. The trial court properly denied plaintiff's motion for leave to file the amended complaint." *Fultz*, 49 Ill. 2d at 135-37.

¶ 11      In *Muirfield Village*, the circuit court dismissed the complaint with prejudice, and the plaintiffs filed a motion to reinstate the case and for leave to file an amended complaint. The circuit court denied the plaintiffs leave to file the amended complaint, and the plaintiffs filed a notice of appeal. The defendants argued that the appellate court lacked jurisdiction to review the order dismissing the case with prejudice because the plaintiffs had not filed a motion directed against the judgment, which would have extended the time for filing the notice of appeal. The *Muirfield Village* court said:

> "Substantively, plaintiffs' motion to reinstate and for leave to file an amended complaint seeks only leave to file a fourth amended complaint. ***
>
> Our resolution of this issue is guided by the recent case of *Kingbrook, Inc. v. Pupurs*, 202 Ill. 2d 24 (2002). There, our supreme court addressed the issue of what degree of detail must be included in a motion to reconsider for such a motion to qualify as a postjudgment motion. *Kingbrook*, 202 Ill. 2d at 25. Our supreme court held that neither the Code nor the supreme court rules require any degree of specificity in a postjudgment motion. ***
>
> This case presents a step beyond *Kingbrook*—what happens when a party presents a motion with considerable detail, but the motion substantively is directed only at securing leave to file an amended complaint. Ordinarily, we would find that this would not be directed at the judgment and, therefore, would not be a postjudgment motion for purposes of the Code and supreme court rules. [Citation.] However, in addition to requesting leave to amend their complaint, plaintiffs also specifically request that the trial court reinstate their cause of action. We interpret plaintiffs' request to reinstate their cause to be a request to modify or vacate the trial court's judgment of dismissal with prejudice, so as to allow the cause to continue. *** [A] motion seeking a modification or vacation of the judgment qualifies as a postjudgment motion. Thus, plaintiffs' motion possesses no proper substance or detail, but properly requests appropriate relief to qualify as a postjudgment motion. Under *Kingbrook*, a motion that does no more than request to strike or vacate the 'with prejudice' portion of the order would be sufficient to toll the 30-day time period in which to file a notice of appeal. *Kingbrook*, 202 Ill. 2d at 33. We believe that it would be contrary to the supreme court's intent in *Kingbrook* to hold that a motion with no detail but requesting the appropriate relief is sufficient to toll the 30-day time period, while a motion with plenty of irrelevant detail requesting the same relief is insufficient to qualify as a postjudgment motion. We will not penalize plaintiffs for incorporating more than they needed to in the motion ***. We find, therefore, that plaintiffs' motion to reinstate and for leave to file an amended complaint was sufficient to toll the 30-day period to file a notice of appeal." *Muirfield Village*, 349 Ill. App. 3d at 185-86.

¶ 12      We cannot reconcile *Muirfield Village* with *Fultz*, which the *Muirfield Village* court did not discuss. Every time a plaintiff files a motion for leave to file an amended complaint after the circuit court has dismissed the complaint with prejudice, the plaintiff implicitly requests reinstatement of the case and modification of the dismissal order to eliminate the "with prejudice" clause. If the request for such relief makes the motion one "directed against the judgment," then every postjudgment motion for leave to file an amended complaint would

count as a motion directed against the judgment and it would extend the time for filing the notice of appeal. But the *Fultz* court held that a motion for leave to file an amended complaint does not extend the time for filing the notice of appeal, because the motion does not qualify as a motion directed against the judgment.

¶ 13 The *Kingbrook* court did not overrule *Fultz*, which controls our disposition of this case. The "Motion to Reconsider," in which the Brennans requested only leave to file an amended complaint, did not extend the time to file a notice of appeal from the final judgment entered on June 18, 2015. We hold that the appellate court lacks jurisdiction to review that judgment. *Fultz*, 49 Ill. 2d at 135-37; *Shutkas Electric, Inc. v. Ford Motor Co.*, 366 Ill. App. 3d 76, 81 (2006).

¶ 14 The *Fultz* court held that the notice of appeal in that case preserved for review challenges to the order denying the plaintiffs' request for leave to file an amended complaint. Following *Fultz*, we find that we have jurisdiction to decide whether the circuit court erred when it denied the Brennans leave to file their amended complaint. However, under *Fultz*, a proper postjudgment motion for leave to file an amended complaint must request leave to make the pleadings conform to the proofs. *Fultz*, 49 Ill. 2d at 136-37; see *Mandel v. Hernandez*, 404 Ill. App. 3d 701, 707-08 (2010). The Brennans sought to add new factual allegations to the complaint so they could state new causes of action for conversion and any cause, like promissory estoppel, based on their reliance on Travelers's conduct. Because the Brennans did not seek to make the pleadings conform to the proofs, we must affirm the judgment denying them leave to file an amended complaint.

¶ 15                                                    CONCLUSION

¶ 16 The motion for leave to file an amended complaint did not extend the time for filing a notice of appeal from the judgment entered on June 18, 2015. Therefore, the notice of appeal filed on October 6, 2015, did not give this court jurisdiction to consider the Brennans' challenges to that judgment. This court has jurisdiction to review the order denying the motion for leave to file an amended complaint, but because the Brennans do not seek to make their pleadings conform to the proofs, they have not presented grounds for reversing the circuit court's decision. Accordingly, we affirm the circuit court's denial of the motion for leave to file an amended complaint.

¶ 17 Appeal dismissed in part and affirmed in part.