2024 IL App (1st) 231247-U

THIRD DIVISION
August 28, 2024

No. 1-23-1247

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

**IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT**

| | |
|---|---|
| DESTINY DOWDELL, as Special Administrator of the Estate Of Kera Rogers, Deceased, | ) Appeal from the ) Circuit Court of ) Cook County |
| Plaintiff-Appellant, | ) ) |
| v. | ) No. 2017L003949 ) |
| ROC II IL LASALLE, LLC, MILLENNIUM LASALLE LLC, And MOMENTUM CONSTRUCTION LLC, | ) ) ) Honorable ) Maura Slattery-Boyle, |
| Defendants-Appellees. | ) Judge, Presiding. ) |

JUSTICE D. B. WALKER delivered the judgment of the court.
Presiding Justice Reyes and Justice Van Tine concurred with the judgment.

**ORDER**

¶ 1    *Held*: We affirm the trial court's denial of a *nunc pro tunc* order but remand for further proceedings.

¶ 2    Plaintiff Destiny Dowdell, as special administrator of the Estate of Kera Rogers, deceased, appeals the trial court's judgment denying her motion to correct the court's September 3, 2020 order *nunc pro tunc*. On appeal, plaintiff contends that the court should have granted her motion

where she sought to correct a scrivener's error in the order. For the following reasons, we affirm but remand for further proceedings.

¶ 3                                    I. BACKGROUND

¶ 4     Kera Rogers died on March 4, 2016. On April 20, 2017, plaintiff filed the underlying wrongful death action against Dolce Living Communities Residential and Dolce Living Investments, LLC, alleging that Rogers died from complications due to toxic mold in her workplace located at 29 South LaSalle in Chicago, Illinois. On November 9, 2017, plaintiff amended her complaint to add ROC II IL LaSalle (ROC II), Millennium on LaSalle [1] (Millennium), and Momentum Construction, LLC (Momentum) as defendants. In November 2017, the Dolce defendants were dismissed from the matter without prejudice. Plaintiff subsequently added other defendants, but they were also dismissed without prejudice. Only ROC II, Millennium, and Momentum remained as defendants in the action.

¶ 5     On April 25, 2019, Millennium and Momentum filed a motion for summary judgment in the case. They alleged that plaintiff presented no evidence that Rogers' death was actually caused by toxic mold. ROC II subsequently filed a summary judgment motion alleging that plaintiff had no evidence showing that toxic mold was present when ROC II owned the building.

¶ 6     On June 17, 2019, ROC II filed a third-party complaint against FedEx Office and Print Services, Inc. (FedEx), Rogers' employer. ROC II filed an amended complaint adding James McHugh Construction Co. (McHugh) and Kinsale Contracting Group, Inc. (Kinsale) as third-party defendants. In its amended third-party complaint, ROC II alleged that McHugh and Kinsale were the general contractor and subcontractor, respectively, on a project involving a building at 39 South

---

[1] Although the briefs refer to this defendant as "Millenium LaSalle, LLC," plaintiff's first amended complaint listed this party as "Millenium on LaSalle, LLC."

LaSalle in Chicago. This building was "immediately adjacent to, and share[d] an alley with, the 29 South LaSalle building." The complaint alleged that demolition work at 39 South LaSalle resulted in water intrusion into the 29 South LaSalle building.

¶ 7    As relief, ROC II requested a judgment for contribution against McHugh and Kinsale, in an amount commensurate with their *pro rata* share of liability, in the event plaintiff recovers a judgment against ROC II.

¶ 8    After negotiations, plaintiff agreed to settle all claims and causes of action against Kinsale and McHugh for $50,000. On February 3, 2020, Kinsale and McHugh filed a motion for a finding that "the settlement between the Plaintiff, Kinsale, and McHugh was made in Good Faith pursuant to the Contribution Among Joint Tortfeasors Act." The movants also sought dismissal of "all claims against Kinsale and McHugh with prejudice," and the prohibition of "any contribution claims against Kinsale and/or McHugh."

¶ 9    On February 10, 2020, the trial court entered an order stating that the matter had come before it on Kinsale and McHugh's "Motion for Good Faith Finding." The court found that the "settlement between and among Plaintiff, Third-Party Defendant [Kinsale], and Third-Party Defendant [McHugh], was made in Good Faith pursuant to the Contribution Among Joint Tortfeasors Act." The order further stated that "[a]ll claims and causes of action against Third-Party Defendant [Kinsale] and Third-Party Defendant [McHugh], including Third-Party Plaintiff [ROC II's] Third-Party Complaint for Contribution are hereby dismissed with prejudice[.]"

¶ 10    On March 10, 2020, Millennium and Momentum filed a motion to set off the $50,000 settlement "against any future judgment in these proceedings in favor of Destiny Dowdell."

¶ 11    Plaintiff filed an unopposed motion to approve the settlement. Therein, she requested that the court enter an order (1) approving the settlement with Kinsale and McHugh for $50,000,

(2) approving attorney fees in the amount of $16,667, (3) approving litigation expenses of $5,000, (4) approving the stipulated degrees of dependency among the named heirs, and (5) approving distribution of the remaining $28,333.33 in settlement proceeds among the heirs.

¶ 12 The trial court entered an order approving the settlement on September 3, 2020. The court found that the amount of $50,000 was reasonable. The order distributed $16,667 as attorney fees and $5,000 for litigation expenses. The remaining $28,333.33 was distributed equally to the named heirs. The order stated that "[t]his matter is dismissed with prejudice and without costs." The order further stated that the trial court would retain jurisdiction to enforce the terms of the settlement. The circuit court case summary reflected that on September 3, 2020, there was a dismissal "By Stipulation or Agreement."

¶ 13 On September 29, 2020, the trial court held a case management conference and entered an order, drafted by counsel for ROC II, that the matter be certified ready for trial by December 30, 2020. On November 12, 2020, the trial court held a pre-trial settlement conference, but the parties could not resolve the matter. The court entered an order that day stating the settlement conference "is deemed to have failed." The judgment further stated that ROC II's expert witness discovery depositions were "to proceed as ordered," and the parties were to provide dates for the court to hear pending motions. The court further ordered that "[t]he case shall be certified for trial by the end of December 2020."

¶ 14 On December 30, 2020, the trial court entered an order continuing its ruling on the defendants' summary judgment motions to January 28, 2021, and stating that the case "will be certified for trial by March 2021." After rescheduling its ruling, the trial court denied summary judgment on February 18, 2021. The order stated that "[t]his matter is certified as ready for trial."

¶ 15    On September 13, 2021, ROC II filed a notice of withdrawal and substitution of counsel because its attorney of record had left the firm. On June 30, 2022, ROC II filed a motion to stay application of an amendment to section 2-1301 of the Code (735 ILCS 5/2-1301) (West 2022)), which pertained to prejudgment interest in tort actions for personal injury or wrongful death. The record contains no further action relating to this litigation.

¶ 16    On June 8, 2023, plaintiff filed a motion to correct an error in the trial court's September 3, 2020 order. She alleged that the status of her case was listed as "disposed" even though the matter "is active and ready for trial." The motion referenced a circuit court summary dated September 3, 2020, indicating that the case was disposed. Plaintiff requested correction of the error, and to "[r]eset the matter for trial, reinstate the case, set this matter for status, and for any further relief the Court deems just." The trial court denied the motion, finding that "this matter remains closed."

¶ 17    Plaintiff filed this appeal.

¶ 18                                II. ANALYSIS

¶ 19    We first address the parties' disagreement on the standard of review regarding the denial of a *nunc pro tunc* order. Defendants argue that the trial court's denial should be reviewed for an abuse of discretion, citing *Kilpatrick v. Baxter Healthcare Corp.*, 2023 IL App (2d) 230088, ¶¶ 14-15, and *O'Gara v. O'Gara*, 2022 IL App (1st) 210013, ¶ 48. These cases used the abuse of discretion standard to review whether a party showed good cause pursuant to Illinois Supreme Court Rule 9(d)(2) (eff. Feb. 4, 2022) for an untimely filing. The courts used the good cause finding to determine whether or not the error alleged was clerical in nature.

¶ 20    Plaintiff cites to *People v. Jones*, 2016 IL App (1st) 142582, ¶ 12, and *In re Aaron R.*, 387 Ill. App. 3d 1130, 1139 (2009), as support that the standard of review here is *de novo*. *Jones* and *Aaron R.* provide that "[w]hether an order satisfies the legal criteria for a *nunc pro tunc* order is

reviewed *de novo*." *Aaron R.*, 387 Ill. App. 3d at 1139; *Jones*, 2016 IL App (1st) 142582, ¶ 12, citing to *Aaron R*. Defendants point out that the trial court in this case never entered a *nunc pro tunc* order. However, this court has found that the trial court's refusal to grant a *nunc pro tunc* order is also subject to *de novo* review. See *Johnson v. Target Stores, Inc.*, 341 Ill. App. 3d 56, 68 (2003). While we follow *Johnson* in applying the *de novo* standard here, our conclusion is the same under either standard.

¶ 21    Plaintiff's June 8, 2023 motion sought to correct the trial court's September 3, 2020 order. Generally, a trial court loses jurisdiction to vacate or modify its judgment 30 days after entry of that judgment. *Beck v. Stepp*, 144 Ill. 2d 232, 238 (1991), *abrogated on other grounds* by *Kingbrook, Inc. v. Pupurs*, 202 Ill. 2d 24, 30-33 (2002).

¶ 22    However, a court may modify its judgment *nunc pro tunc* at any time to correct a clerical error so that the record conforms to the court's actual judgment. *Id*. "[T]he use of *nunc pro tunc* orders or judgments is limited to incorporating into the record something which was actually previously done by the court but inadvertently omitted by clerical error." *People v. Melchor*, 226 Ill.2d 24, 32 (2007). Such an order does not alter the actual judgment of the court, but instead merely corrects inadvertent omissions from the judgment order. *Id*. Judgments may be modified *nunc pro tunc* only if the correction is based on a note or memorandum, or some other definite and certain record. *In re Marriage of Petraitis*, 263 Ill. App. 3d 1022, 1039 (1993). The evidence supporting a *nunc pro tunc* modification must clearly show that the original order fails to conform to the judgment actually rendered by the court. *Beck*, 144 Ill. 2d at 238.

¶ 23    Here, although plaintiff filed a motion to correct an error in the September 3, 2020 judgment, she did not actually allege that the order contained an error. Rather, she claimed that the

designation of the case as "disposed" in the circuit court's summary was error and concluded that the order must have incorrectly dismissed the entire action.

¶ 24    We find no indication in the record that plaintiff's wrongful death complaint was dismissed as to all defendants. The September 3, 2020 order was entered "upon the motion" by the parties to approve the settlement between plaintiff and third-party defendants Kinsale and McHugh. Kinsale and McHugh were not named defendants in plaintiff's complaint but were brought into the action through ROC II's third-party complaint for contribution under the Joint Tortfeasor Contribution Act (Joint Tortfeasor Act) (740 ILCS 100/2(a) (West 2022)).

¶ 25    The trial court's September 3, 2020 order also specifically referenced plaintiff's requests pursuant to her motion to approve the settlement. The court determined that $50,000 was a reasonable settlement amount. It also distributed $16,667 as attorney fees, $5,000 for litigation expenses, and the remaining $28,333.33 to named heirs, as requested in plaintiff's motion. After stating that "[v]ouchers evidencing attorney's expenses and disbursement of funds shall be filed with this court within 60 (sixty) days," the court concluded, "This matter is dismissed with prejudice and without costs."

¶ 26    Considering the issue addressed in the September 3, 2020 order, namely approval of plaintiff's settlement with third-party defendants Kinsale and McHugh and disbursement of settlement funds, it is clear that the order did not dismiss plaintiff's wrongful death claim against ROC II, Millennium, and Momentum. Rather, it dismissed ROC II's third party claim against Kinsale and McHugh and released them from liability to plaintiff on her tort claims. The Joint Tortfeasor Act provides that "[w]hen a release or covenant not to sue *** is given in good faith to one or more persons liable in tort arising out of the same injury or the same wrongful death, it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its

terms so provide ***." 740 ILCS 100/2(c) (West 2022). Accordingly, the circuit court summary of September 3, 2020, stating "Dismiss[al] By Stipulation Or Agreement," did not reflect defendants' dismissal from plaintiff's wrongful death claim.

¶ 27    The record further shows that, after entry of the September 3, 2020 order, the parties and the trial court continued to proceed as if a trial would occur. On September 29, 2020, the trial court held a case management conference, and on November 12, 2020, it held a pre-trial settlement conference. On December 30, 2020, the trial court entered an order continuing its ruling on the joint summary judgment motions filed by ROC II, Millennium, and Momentum. The court denied summary judgment on February 18, 2021, and the order stated that "[t]his matter is certified as ready for trial." Additionally, on September 13, 2021, ROC II filed a notice of withdrawal and substitution of counsel, and on June 30, 2022, it filed a motion to stay application of an amendment to section 2-1301. Although there has been no further action on the case, there is no evidence that it has been disposed of or dismissed.

¶ 28    We find no clerical error to correct in the trial court's September 3, 2020 order. Therefore, the court properly refused to enter an order *nunc pro tunc*. See *Beck*, 144 Ill. 2d at 239 (finding that "[t]he purpose of a *nunc pro tunc* order is to correct the record of judgment, not to alter the actual judgment of the court"). We note, however, that the trial court's order denying plaintiff's motion to correct the judgment stated that "this matter remains closed," and the court declined to reset the matter for trial. Although the matter of the settlement remains closed, plaintiff's wrongful death action remains pending. Therefore, we remand the cause for further proceedings.

¶ 29                                III. CONCLUSION

¶ 30    For the foregoing reasons, we affirm the judgment of the trial court but remand the matter for further proceedings.

¶ 31    Affirmed and remanded.