THIRD DIVISION
JUNE 30, 2008

1-07-0639

| | | |
|---|---|---|
| AUREEN BERRY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant and Cross-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 01 L 5934 |
| | ) | |
| CHADE FASHIONS, INC., | ) | Honorable |
| | ) | Allen S. Goldberg, |
| Defendant-Appellee and Cross-Appellant. | ) | Judge Presiding. |

JUSTICE CUNNINGHAM delivered the opinion of the court:

The plaintiff, Aureen Berry, filed a complaint in the circuit court of Cook County against the defendant, Chade Fashions, Inc. (Chade Fashions), for breach of contract and violation of the Illinois Right of Publicity Act (765 ILCS 1075/30 (West 2000)) (the Act). The trial court entered a partial summary judgment for the plaintiff as to liability under the Act. The issues of damages and breach of contract under the Act went to trial. When the plaintiff concluded her case, Chade Fashions filed a motion for a directed verdict and a motion to vacate the partial summary judgment. The trial court granted both motions. The plaintiff subsequently filed a motion to reconsider that ruling arguing that Chade Fashions' motion to vacate the partial summary judgment was untimely. The trial court agreed with the plaintiff and issued a final judgment finding that Chade Fashions' motion to vacate the partial summary judgment as untimely. The court reinstated the previous partial summary judgment for the plaintiff under the Act, as to liability only. The trial court awarded the plaintiff $1,000, the statutory minimum in damages under the Act.

On appeal, the plaintiff argues that the trial court erred by awarding the statutory minimum in damages. On cross-appeal, the defendant, Chade Fashions, argues that the trial court erroneously

determined that Chade Fashions' motion to vacate the partial summary judgment was untimely, thereby erroneously reinstating the partial summary judgment in favor of the plaintiff as to liability. We reverse the judgment of the circuit court on the issue of the partial summary judgment.

BACKGROUND

Although the plaintiff's brief is astoundingly devoid of a factual recitation of the case, including the proceedings in the trial court, we have adduced the following facts from the record, the defendant's brief, and oral argument. The defendant hired the plaintiff, Aureen Berry, a professional model, to be photographed modeling its products. According to the agreement, the intent was to use her image to sell the defendant's products. Sung Jae Kim, vice president of Chade Fashions, hired the plaintiff by contacting her agent and booking the plaintiff for a photo shoot. In his deposition, Kim stated that he informed the plaintiff's agent that her image would be used on Chade Fashions' products. The plaintiff testified in her deposition that her agent never specifically told her how her image would be used by Chade Fashions. When the photo shoot was completed, the plaintiff signed a waiver and release that granted Chade Fashions the right to use her image. The release did not specify how Chade Fashions would or could use the plaintiff's image. It had boxes denoting agreement for use of the photographs in the following ways: fashion shows; billboards; point of purchase; informal; national ads; and product packaging. None of the boxes were checked by the plaintiff. The plaintiff was paid $750 for the photo shoot. Chade Fashions used the plaintiff's image on packages marketed under its Vienna brand of hair products. Chade Fashions has a number of product lines; however, the plaintiff was only featured on the Vienna line of products.

In early 2001, the plaintiff discovered that her image was printed on various Chade Fashions

2

products which had been distributed to stores for sale. The plaintiff filed a lawsuit in the circuit court of Cook County for breach of contract and damages, claiming that Chade Fashions had violated the Act (765 ILCS 1075/30 (West 2000)). The plaintiff alleged that Chade Fashions breached the terms of its contract with her by using her image on its products without her consent. The plaintiff also alleged that Chade Fashions violated the Act by reproducing her image on its products without obtaining her prior written consent.

After the discovery process was completed, the plaintiff filed a motion for summary judgment on the breach of contract claim as well as the claim for violation of the Act. The trial court granted the plaintiff's motion for partial summary judgment for liability under the Act. The trial court explained that summary judgment was proper because Kong Koo Kim, the president of Chade Fashions, and Sung Jae Kim, vice president of Chade Fashions, admitted during their depositions that a clause in the plaintiff's contract provided that her image was authorized for catalog use only. The court denied the plaintiff's motion for summary judgment for breach of contract and damages under the Act. The court explained that a genuine issue of material fact remained as to whether an alleged oral contract negotiated by Sung Kim and the plaintiff's agent should be incorporated into the original written contract. The court also ruled that summary judgment was not appropriate as to damages under the Act because the plaintiff's submission of Chade Fashions' profits and sales data was insufficient to prove how Chade Fashions' profits were derived from the use of her image. The trial proceeded on the issues of damages and breach of contract.

During the trial, the court allowed the defendant to present parole evidence of the agreement. Sung Kim testified that he had informed the plaintiff's agent that her photographs would be used on

3

packaged products. He asserted that notwithstanding the lack of a checked box on the release form, her agent had agreed to the use of her image in the broader spectrum of product sales. At the conclusion of the plaintiff's case, Chade Fashions filed a motion for directed verdict on both the issues of damages under the Act and breach of contract. It also filed a motion to vacate the partial summary judgment for liability under the Act entered earlier in the case in favor of the plaintiff. The trial court granted Chade Fashions' motion for directed verdict on both counts and vacated the partial summary judgment as to liability.

The court found that the contract between the parties was for photographs to be taken of the plaintiff and for use in product packaging. The court also found that Chade Fashions did not breach the contract between the parties. The court explained that Chade Fashions paid the plaintiff for the use of the photographs and that the plaintiff failed to provide sufficient evidence to prove that additional compensation was due beyond the amount paid. Additionally, the court found that the plaintiff failed to establish how Chade Fashions' profits were derived from the use of her image. The court explained that the plaintiff's introduction into evidence of Chade Fashions' tax returns during the trial was insufficient to prove damages. Lastly, the court found that its findings regarding the breach of contract claim was inconsistent with the partial summary judgment which it had entered earlier.

Thus, the court vacated the partial summary judgment for liability under the Act. The plaintiff subsequently filed a motion to reconsider. In that motion, the plaintiff argued that the defendant could not seek to vacate the court's ruling as to partial summary judgment because more than 30 days had elapsed since the order was entered. The court took the matter under advisement

and agreed with the plaintiff's argument that pursuant to the holding in <u>Beck v. Stepp</u>, 144 Ill. 2d 232, 239, 579 N.E.2d 824, 828 (1991), it had no jurisdiction to vacate the partial summary judgment. The trial court believed it had no jurisdiction under the ruling in <u>Beck</u>, because the defendant's motion to vacate was filed more than 30 days after the partial summary judgment was entered. The court awarded the plaintiff $1,000 in statutory damages, the minimum allowed pursuant to the Act, but denied the plaintiff's motion to reconsider in all other respects. Both parties appealed.

ANALYSIS

On appeal, the plaintiff argues that the trial court erred in awarding her the statutory minimum of $1,000 in damages. The plaintiff argues that the minimum award shows that the trial court failed to consider Chade Fashions' admitted numerous violations of the Act. The plaintiff contends that the purpose of the Act is to compensate victims and deter violation of the Act. Thus, the $1,000 minimum is not an effective deterrent against future infringements. Relying on an unpublished California case,[1] the plaintiff argues that she is entitled to $1,000 for every infringement committed by the defendant. The plaintiff introduced evidence of 15.233 million infringements and argues that her damages should be calculated based on that number. The plaintiff also argues that she is entitled to punitive damages because Chade Fashions did not recall the packages when it was notified of the unauthorized use of her image.

On cross-appeal, Chade Fashions argues that the trial court erred by finding that its motion

---

[1]Pursuant to Illinois Supreme Court Rule 23 (166 Ill. 2d R. 23(e)), "an unpublished order of the court is not precedential and may not be cited by any party." California's civil practice rules have a similar provision.

to vacate the partial summary judgment granted to the plaintiff was untimely. Chade Fashions contends that an order for partial summary judgment is interlocutory and therefore the trial court may modify or vacate it before a final judgment is entered. It argues that but for the erroneous assumption by the trial court that it had no jurisdiction, the court clearly would have vacated its grant of partial summary judgment to the plaintiff. As to damages, Chade Fashions argues that assuming that the plaintiff is entitled to any damages, the minimum statutory damages awarded was appropriate because the plaintiff did not present any evidence establishing her damages. Specifically, the plaintiff did not present any evidence regarding a correlation between the use of her image and Chade Fashions' profits or the numerous infringements which she claimed Chade Fashions committed.

We will first address Chade Fashions' cross-appeal since its disposition is crucial to the resolution of the entire appeal. At issue is whether a trial court may vacate or modify an order for partial summary judgment more than 30 days after entry. Section 2-1005 of the Code of Civil Procedure is instructive. It states in pertinent part: "A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages." 735 ILCS 5/2-1005 (West 2002). Established case law further illuminates the analysis regarding this issue. "An interlocutory order may be modified or vacated at any time before final judgment." Leopold v. Levin, 45 Ill. 2d 434, 446, 259 N.E.2d 250, 257 (1970); Winters v. Kline, 344 Ill. App. 3d 919, 928, 801 N.E.2d 984, 991 (2003). Although the trial court should carefully consider vacating a prior order, it may do so in order to correct an error. Leopold v. Levin, 45 Ill. 2d at 446, 259 N.E.2d at 257.

In the case before us, the trial court relied on Beck v. Stepp, 144 Ill. 2d 232, 238, 579 N.E.2d 824, 827 (1991), in determining that it could not vacate its earlier order for partial summary judgment because Chade Fashions filed its motion to vacate the order more than 30 days after the order was entered. We disagree. The facts of Beck are distinguishable from the facts of this case. In Beck, the court granted the defendant's motion for summary judgment and stated in the order that there was " 'NO JUST CAUSE TO PREVENT APPEAL (APPEA[LA]BLE ORDER).' " Beck, 144 Ill. 2d at 237, 579 N.E.2d at 825. More than four months later, the trial court amended the order *nunc pro tunc* to deny the motion for summary judgment. Beck, 144 Ill. 2d at 236, 579 N.E.2d at 825. The Illinois Supreme Court explained that "[i]n general, a trial court loses jurisdiction to vacate or modify its judgment 30 days after entry of judgment *** unless a timely post-judgment motion is filed." Beck, 144 Ill. 2d at 238, 579 N.E.2d at 827. In the instant case, the trial court relied on this language from Beck to deny Chade Fashions' motion to vacate its earlier order. However, what the court misapprehended is that the rule applies only to final and appealable orders. In Beck, the order was intended to be final and appealable.

In the case before us, the partial summary judgment order was neither final nor appealable. No language in the order indicates that the trial court intended for the partial summary judgment to be final and appealable. See generally 210 Ill. 2d R. 304. Our supreme court in Towns v. Yellow Cab Co., 73 Ill. 2d 113, 120, 382 N.E.2d 1217, 1220 (1978), explains that a judgment that fails to dispose of all claims is not final and is subject to revision before entry of a final judgment "that does in fact adjudicate all the claims and liabilities of the parties."

In the case at bar, the partial summary judgment which the trial court granted was done prior

7

to the start of trial. All other matters remained pending to be resolved by trial. At the close of the plaintiff's case, the trial court had an opportunity to review the evidence and assess its earlier ruling granting partial summary judgment. At that point, the trial court had the right to correct any earlier erroneous rulings which it had made. The granting of partial summary judgment was clearly erroneous, since the evidence showed no breach of contract and no violation of the Act. As the trial court noted, allowing the partial summary judgment to remain in place even after the plaintiff failed to provide evidence to support her underlying claims yielded an inconsistent and irreconcilable result. If the defendant did not breach the contract or violate the Act, then clearly it could not be liable for damages. Yet, allowing the partial summary judgment to remain in place resulted in the trial court awarding statutory damages of $1,000, although no damages were due.

This is clearly a result that flies in the face of established legal principles. Thus, the trial court had the discretion to vacate its previous order for partial summary judgment and correct any error in light of the evidence presented during the trial. We reverse the trial court's February 9, 2007 order which denied, as untimely, Chade Fashions' motion to vacate the court's earlier grant of partial summary judgment in favor of the plaintiff on the issue of liability only. Further, there is nothing in the record or the briefs presented by the parties that would require or support a reversal of the directed verdicts entered in favor of Chade Fashions on the issues of breach of contract and violation of the Act. Accordingly, we reverse the judgment of the trial court on the issue of partial summary judgment, vacate the court's award of $1,000 in statutory damages and affirm the trial court's ruling on the directed verdicts in favor of Chade Fashions.

Affirmed in part and vacated in part; cause reversed in part.

1-07-0639

GREIMAN and THEIS, JJ., concur.