In the

# United States Court of Appeals

## For the Seventh Circuit

No. 10-3945

PETER PERETZ,

*Plaintiff-Appellant,*

*v.*

GREGORY SIMS, ROBERT EVANS, AND
THOMAS PATTERSON,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 09-CV-03022—**Harold A. Baker**, *Judge.*

ARGUED SEPTEMBER 19, 2011—DECIDED NOVEMBER 15, 2011

Before EASTERBROOK, *Chief Judge*, and KANNE and
WILLIAMS, *Circuit Judges*.

KANNE, *Circuit Judge.*  Peter Peretz was convicted of
aggravated driving while license revoked and sentenced
to eighteen months' imprisonment. The conviction
carried with it a mandatory minimum sentence of
180 days. After being awarded statutory good-time credit,
Peretz received a tentative nine-month prison sentence.

By statute, the Director of the Illinois Department of Corrections ("IDOC") may award up to an additional 180 days of meritorious good-time credit. Because the full award of 180 days of additional good-time credit would bring Peretz below the mandatory minimum sentence of 180 days, however, Peretz was only awarded 87 days of meritorious good-time credit. Peretz filed suit against three state employees, the prison warden and two correctional counselors, alleging that the decision to withhold the full award of meritorious good-time credit permitted by statute was arbitrary. The district court granted summary judgment in favor of the state employees after Peretz failed to respond to their motion for summary judgment. We affirm on the basis that Peretz has not sued the proper parties in this case.

## I. BACKGROUND

Peretz was convicted of aggravated driving while license revoked, 625 ILCS 5/6-303(a), (d-3) (2008), a Class 4 felony carrying a mandatory minimum sentence of 180 days' imprisonment. Peretz was taken into custody on February 17, 2007; on March 7, he was sentenced to eighteen months' imprisonment. The IDOC originally calculated Peretz's tentative release date as November 17, 2007, reflecting the February 17 custody date and statutory good-time credit.[1]

---

[1] Subject to certain enumerated exceptions, a prisoner in Illinois is generally entitled to one day of good-time credit for each day of his or her sentence. 730 ILCS 5/3-6-3(a)(2.1).

The IDOC Director then awarded Peretz an additional 87 days of meritorious good-time credit pursuant to 730 ILCS 5/3-6-3(a)(3), resulting in a new release date of August 20, 2007. Under this statute, the Director "may award up to 180 days additional good conduct credit for meritorious service in specific instances as the Director deems proper." *Id*. The Director only awarded 87 days to ensure that Peretz would not serve less than the mandatory minimum sentence of 180 days. Thus, Peretz served exactly 180 days in prison, satisfying the mandatory minimum sentence, and was released from prison on August 20, 2007.

Despite the discretionary language in 730 ILCS 5/3-6-3, Peretz argues that meritorious good-time credit was awarded as a matter of routine. Peretz asserts that the Director's failure to award the remaining 93 days of meritorious good-time credit permitted by statute was arbitrary, notwithstanding any reduction below the mandatory minimum sentence, and amounts to a deprivation of his liberty interest in violation of the Due Process Clause of the Fourteenth Amendment. Accordingly, Peretz brought suit on this basis under 42 U.S.C. § 1983 in the United States District Court for the Central District of Illinois. Peretz sued three state employees: Gregory Sims, the warden of the correctional center, and Robert Evans and Thomas Patterson, two correctional counselors in the IDOC.

On May 24, 2010, the state employees filed a motion for summary judgment on three grounds: (1) Peretz suffered no constitutional deprivation because he was

required by statute to serve 180 days of his sentence; (2) the Director, not the named state employees, caused the alleged constitutional deprivation; and (3) the state employees were entitled to qualified immunity. Peretz declined to respond to the motion for summary judgment, despite the district court granting him two extensions to file a response. The district court granted the motion for summary judgment on November 19, 2010. Citing Local Rule 7.1(D)(2), the court deemed the failure to respond to the motion as an admission of the state employees' proposed undisputed facts, as well as an admission of the motion. The court then granted the motion for summary judgment on the basis that Peretz suffered no constitutional deprivation.

## II. ANALYSIS

Peretz does not assert that the district court abused its discretion in ruling on the motion for summary judgment without Peretz's response, or that Peretz had insufficient time to file a response. *See Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006). Indeed, this would be a difficult argument to make in light of the fact that the court had already granted Peretz two time extensions to file a response to the motion. *See Spears v. City of Indianapolis*, 74 F.3d 153, 157-58 (7th Cir. 1996) (district court did not abuse its discretion in denying request for "emergency" one-day extension to respond to motion for summary judgment and refusing to consider plaintiff's late-filed materials where plaintiff had previously been granted two extensions). Instead, Peretz contends that

the district court erred in granting the motion for summary judgment because there was a genuine issue of material fact, irrespective of his failure to respond to the motion.

We review the court's grant of summary judgment *de novo*. *Johnson v. Manitowoc Cnty.*, 635 F.3d 331, 334 (7th Cir. 2011). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A court must grant a motion for summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Bio v. Fed. Express Corp.*, 424 F.3d 593, 596 (7th Cir. 2005).

Ordinarily, "we review the facts and inferences in the light most favorable to the nonmoving party." *Rain v. Rolls-Royce Corp.*, 626 F.3d 372, 376 (7th Cir. 2010). Because Peretz did not respond to the state employees' motion for summary judgment, however, the district court granted the motion on the basis of the state employees' statement of undisputed facts. Fed. R. Civ. P. 56(e)(2); CDIL-LR 7.1(D)(2). Therefore, we base our decision on the state employees' version of the facts, but still view those facts in the light most favorable to Peretz. *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006). Although the district court granted summary judgment on the basis that Peretz suffered no constitutional deprivation, we may affirm on any ground supported in the record, "so long as that ground was adequately addressed in the

district court and the nonmoving party had an opportunity to contest the issue." *Cardoso v. Robert Bosch Corp.*, 427 F.3d 429, 432 (7th Cir. 2005).

While Peretz contends that the denial of good-time credit was arbitrary, there is no need to address the matter because Peretz has not sued the proper parties. By failing to respond to the motion for summary judgment, Peretz concedes a number of damaging facts that, taken together, demonstrate that none of the named state employees were responsible for his purported constitutional deprivation. The IDOC Records Office, rather than the named state employees, calculates inmate sentences and is responsible for reviewing sentence calculations. The Director is responsible for awarding statutory and meritorious good-time credit; none of the named state employees had the ability to change any inmate's sentence or sentence calculation. In fact, Evans and Patterson even brought Peretz's complaints about the purported miscalculation of his prison sentence to the attention of the Records Office, which confirmed that Peretz's sentence calculation was correct.

Oddly, Peretz's brief does not even attempt to address how the named state employees were responsible for the arbitrary denial of Peretz's meritorious good-time credit, or how they had the ability to correct the situation.[2] A genuine issue of material fact is not raised where a

---

[2] Counsel for Peretz made no application for admission to practice in this court, and thus made no appearance at oral argument. As a result, this issue went unaddressed.

plaintiff does not "tie actions of the named defendants to the injuries he allegedly suffered." *Grieveson v. Anderson*, 538 F.3d 767, 777-78 (7th Cir. 2008). Peretz cannot demonstrate how any of the named state employees were responsible for the denial of the 93 days of meritorious good-time credit to which he believes he was entitled, or that they had the ability to alter this award. The Director, not the named state employees, had the ability to change Peretz's award of meritorious good-time credit. There is no genuine issue of material fact because, even if the decision to withhold 93 days of good-time credit was arbitrary, the named state employees were not responsible for the deprivation. Summary judgment was therefore appropriate, and we need not address whether Peretz suffered a constitutional deprivation nor whether the state employees are entitled to legislative immunity.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment.