**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted, May 9, 2013[*]
Decided May 9, 2013

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-3776

| | |
|---|---|
| AUREEN BERRY,<br> *Plaintiff-Appellant,*<br><br> *v.*<br><br>FORD MODELS, INC.,<br> *Defendant-Appellee.* | Appeal from the United States District<br>Court for the Northern District of Illinois,<br>Eastern Division.<br><br>No. 09 C 8076<br><br>Robert M. Dow, Jr.,<br>*Judge.* |

**O R D E R**

In this suit under the diversity jurisdiction, Aureen Berry claims that Ford Models, Inc., misappropriated her image in violation of Illinois law. She seeks $3.9 billion in compensatory damages and a like amount in punitive damages. The district court granted summary judgment for the defendant. We affirm that decision.

---

[*]After examining the parties' briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Berry stonewalled the defendant during discovery, so the background facts are sparse. By her account Berry worked in Chicago as a model and was represented by Susanne's A-Plus Talent. A-Plus arranged for Berry to participate in a photo shoot for Chade Fashions, Inc., which markets wigs and other hair products. Berry maintains that her contract with Chade Fashions, made through A-Plus, provided payment for her participation in the shoot, but did not give Chade Fashions a release to use the photos for product packaging.

Berry has refused to tell Ford Models when she was photographed for Chade Fashions, but the date was July 7, 1999. We know this because Berry disclosed the date when she sued Chade Fashions in the Circuit Court of Cook County in May 2001. In that suit she claimed that Chade Fashions was using her photograph on packaging for its Vienna brand hair extensions, which she claimed was a breach of her contract with the company and also a violation of the Illinois Right of Publicity Act, 765 ILCS 1075. She lost that lawsuit on the merits. *See Berry v. Chade Fashions, Inc.*, 890 N.E.2d 1239 (Ill. App. Ct. 2008), *petition for appeal denied*, 900 N.E.2d 1116 (Ill. 2008).

Then in November 2009, Berry filed a second lawsuit in the Circuit Court of Cook County, this time against Ford Models. She had "discovered" that month, she said, that Ford was now using her photograph from the 1999 shoot, and as evidence she attached to her complaint a photocopy of the packaging from the same Vienna hair extensions at issue in her first suit. She also attached a receipt showing that she had purchased the product on October 1, 2006, while her lawsuit against Chade Fashions was still ongoing. The link to Ford, Berry explained, is that A-Plus was acquired by Aria Modeling Agency, which in turn was acquired by Ford. In her view, Ford was the successor to A-Plus and thus implicated in her contract with Chade Fashions for the photo shoot. It followed, Berry continued, that Ford was required to obtain her written consent before any photographs from that shoot could be used by Chade Fashions for product packaging. Ford had not obtained her consent, Berry alleged, and thus had used her image for a commercial purpose without her consent in violation of the Right of Publicity Act. *See* 765 ILCS 1075/30; *Trannel v. Prairie Ridge Media, Inc.*, No. 2-12-0725, 2013 WL 1281849, at *3–5 (Ill. App. Ct. Mar. 29, 2013).

Ford Models, a Delaware corporation with its principal place of business in New York, removed the case to federal court, *see* 28 U.S.C. §§ 1332, 1441, and moved to dismiss for failure to state a claim for relief, *see* FED. R. CIV. P. 12(b)(6). Ford first argued that Berry's complaint includes no factual allegations connecting the modeling agency to a violation of the Right of Publicity Act, and so Berry had not stated a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007). Second, Ford Models argued that the judgment in favor of Chade Fashions in Berry's prior lawsuit was preclusive since that litigation rested on the same contract, photo,

and product packaging. Finally, Ford argued that Berry's claim under the Right of Publicity Act was untimely because, according to Ford, that enactment has a 1-year statute of limitations, *see Blair v. Nev. Landing P'ship*, 859 N.E.2d 1188, 1192 (Ill. App. Ct. 2006) (concluding that Right of Publicity Act supplants common-law tort of misappropriation of likeness and implicitly incorporates 1-year limitations period applicable to that tort), and the attachment to Berry's complaint establishes the use of her photograph on the packaging for the Vienna hair extensions since October 2006.

The district court denied Ford Model's motion to dismiss. The court, apparently misreading Berry's complaint as alleging that Ford had acquired Chade Fashions rather than A-Plus, concluded that Berry's complaint adequately alleged that a company Ford acquired had contracted with Berry to photograph her and then used those photographs commercially without her consent. The court added that Ford's assertion of affirmative defenses in a motion to dismiss was premature.

After several discovery battles (resulting in warnings and eventually sanctions against Berry), Ford Models moved for summary judgment. Ford argued again that Berry's claim under the Right of Publicity Act is barred by a 1-year statute of limitations, which, in Ford's view, started running after the last known date of publication: October 1, 2006 (the date Berry purchased the product). Because Berry did not file her complaint until three years later, Ford continued, her claim is untimely. Ford also argued that Berry had no evidence that Ford played any role in misappropriating her image. Finally, Ford introduced uncontested evidence that its acquisition of Aria Modeling Agency (which had acquired A-Plus) explicitly excluded liability based on events occurring before the transaction closed in 2003. For that reason, Ford insisted, it is not responsible for any claims arising from Berry's contract with Chade Fashions.

Berry disputed that her claim was untimely. She disagreed with *Blair* and argued that, because the Right of Publicity Act is silent about the statute of limitations, the default 5-year period for "all civil actions not otherwise provided for" should govern. *See* 735 ILCS 5/13-205; *Toney v. L'Oreal USA, Inc.,* No. 02 C 3002, 2002 WL 31455975, at *3 (N.D. Ill. Nov. 1, 2002) (concluding, without benefit of *Blair,* that limitations period is five years by default), *vacated on another ground,* 406 F.3d 905 (7th Cir. 2005) (not discussing statute of limitations). Alternatively, she argued that her claim was timely even if the statute of limitations is one year because, she insisted, the use of her photograph was ongoing (though she expressly admitted that no evidence exists of a sale or use of her image after October 2006). On the merits Berry argued that Ford Models is a proper defendant based on successor liability, which, she asserts, is a disputed issue for the jury to decide. She conceded in her response to Ford's statement of material facts, however, that Ford has never represented her, that Chade

Fashions manufactured and marketed the product bearing her image, and that Ford had no connection to Chade Fashions or its product.

The district court granted summary judgment for Ford Models. The court acknowledged that a district judge in *Toney* and the Illinois appellate court in *Blair* reached opposite conclusions about the governing statute of limitations. But the district court found *Blair* persuasive and applied a 1-year limitations period, which made Berry's suit untimely. The court reasoned that Berry's claim accrued no later than October 2006 when she bought the Vienna brand hair extensions, since she offered no evidence that her image was used afterward. And the limitations clock was not tolled, the court continued, even if Berry is taken at her word that she did not discover Ford's purported involvement until November 2009. Ford had acquired Aria Modeling Agency in 2003 and Aria had acquired A-Plus years before, and so, the court explained, Berry should have discovered any successor company's liability years before she filed suit. Finally, the court concluded that, because Berry presented no evidence that Ford—as opposed to Chade Fashions—used her image, she had not shown that she is entitled to relief.

On appeal Berry renews the argument that her claim under the Right of Publicity Act is subject to a 5-year statute of limitations. She also presses her contention that Ford, because of its acquisitions, is a successor to A-Plus and, thus, liable under the Right of Publicity Act for Chade Fashions's use of her image on its Vienna brand hair extensions.

This litigation is frivolous, and though both parties devote much effort arguing about the timeliness of Berry's claim, we see no point in deciding a question of Illinois law in a case where the statute of limitations—whether one year or five—could not possibly make a difference. We may affirm on any ground that is preserved and supported by the record, *see Jajeh v. Cnty. of Cook,* 678 F.3d 560, 568 (7th Cir. 2012); *Peretz v. Sims,* 662 F.3d 478, 480 (7th Cir. 2011), and here it is clear that Ford Models was entitled to summary judgment because Berry offered no evidence that would allow a jury reasonably to conclude that Ford used her image at all, much less without her consent. *See* 765 ILCS 1075/30; *Modrowski v. Pigatto,* No. 11-1327, 2013 WL 1395696, at *1, *4 (7th Cir. Apr. 8, 2013) (explaining that district court must grant summary judgment for moving party if, after moving party points to absence of evidence supporting opponent's case, opponent fails to produce evidence from which jury reasonably could find in her favor on material issues for which she bears burden of persuasion); *Marr v. Bank of Am., N.A.,* 662 F.3d 963, 966 (7th Cir. 2011) (explaining that party opposing summary judgment must "point to evidence that can be put in an admissible form at trial, and that, if believed by the fact-finder, could support judgment in his favor").

We cannot understand Ford Model's choice to abandon its defense of issue preclusion, *see Brown v. City of Chicago,* 599 F.3d 772, 774 (7th Cir. 2010); *Am. Family Mut. Ins. Co. v. Savickas,* 739 N.E.2d 445, 451 (Ill. 2000), since Berry litigated the identical claim against Chade Fashions and lost after a bench trial. At that trial the judge found that the contract between Chade Fashions and Berry not only "was for photographs to be taken of the plaintiff" but also was "*for use in product packaging.*" *Berry,* 890 N.E.2d at 1241 (emphasis added). Preclusion aside, however, it was Chade Fashions, not A-Plus, that used Berry's image on its product, and Ford is *not* a successor to Chade Fashions. Ford apparently inherited some assets of A-Plus when it acquired Aria Modeling Agency, but neither A-Plus nor Aria had anything to do with the use that Chade Fashions made of Berry's photograph.

At summary judgment Berry admitted that Chade Fashions manufactured the product displaying her image and that Ford Models had no connection to Chade Fashions or that product. Those admissions alone doomed Berry's claim under the Right of Publicity Act, since Ford is not Chade Fashions and does not direct that company's actions. There is no evidence that Ford used Berry's image for a commercial purpose without her consent, and, thus, Ford was entitled to judgment as a matter of law.

AFFIRMED.