NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 30, 2016[*]
Decided June 30, 2016

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 16-1370

| | |
|---|---|
| JOHANNES T. MARTIN, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 15 C 01647 |
| LIVING ESSENTIALS, LLC, | |
| *Defendant-Appellee.* | John J. Tharp, |
| | *Judge.* |

**O R D E R**

For nearly twenty years Guinness World Records™ has listed suburban Chicago resident Johannes "Ted" Martin as the open singles champion for consecutive kicks of a footbag (commonly associated with the Hacky Sack brand). Martin's record of 63,326 kicks in just under nine hours has stood since 1997, and in this lawsuit under the Lanham Act, 15 U.S.C. §§ 1051–1141n, and the Illinois Right of Publicity Act, 765 ILCS 1075, he claims that the maker of 5-hour ENERGY is using his identity without

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

permission to market that caffeinated drink. The district court dismissed the action for failure to state a claim, *see* FED. R. CIV. P. 12(b)(6), and Martin appeals.

Living Essentials, LLC, has been selling its "energy shot" since 2003. In 2013 the company launched a commercial featuring an actor who boasts that in just five hours—all because of 5-hour ENERGY—he disproved Einstein's theory of relativity, swam the English Channel *twice*, found Bigfoot, and "mastered origami while beating the record for Hacky Sack." The actor, not to be mistaken for the 56-year-old Martin, appears to be folding an origami animal while kicking *two* footbags, not one. In his amended complaint Martin contends that the actor's mention of "beating the record for Hacky Sack" is an unmistakable reference to his achievement and, thus, a misappropriation of his "identity as the record holder." What's more, says Martin in his complaint, the actor's "false representation" tarnished his "hard earned record" by attributing the feat to a "performance enhancing drug." He seeks to enjoin further distribution of the commercial, recoup the defendant's profits from the marketing campaign, and be awarded "treble damages from loss of endorsement" (the last of these despite conceding that he's endorsed no product since earning the record). In the district court's view, however, Martin fails to state a claim under federal or state law because any consumer would understand the commercial to be "farcical hyperbole," and the phrase "record for Hacky Sack" is too ambiguous to invoke Martin's "identity." The state-law claim, the court added, is also barred by a one-year statute of limitations.

The district court interpreted Martin's claim under the Lanham Act to allege that Living Essentials' commercial amounts to false advertising. *See* 29 U.S.C. § 1125(a)(1)(B). Yet puffery and parody are not actionable, the court reasoned, and thus Martin has no claim under this theory. *See Schering-Plough Healthcare Prods., Inc. v. Schwarz Pharma, Inc.*, 586 F.3d 500, 512 (7th Cir. 2009); *Time Warner Cable, Inc. v. DIRECTV, INC.*, 497 F. 3d 144, 159–61 (2nd Cir. 2007). Martin emphasizes, however, that his federal claim is not about false advertising but rather false association or endorsement. The Lanham Act, in § 1125(a)(1)(A), provides a civil remedy if false or misleading factual representations are likely to confuse or deceive their audience about the plaintiff's "affiliation, connection, or association" with the defendant "or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities." *See Lexmark Int'l, Inc. v. Static Control Components*, 134 S. Ct. 1377, 1384 (2014); *Jordan v. Jewel Food Stores, Inc.*, 743 F.3d 509, 522 (7th Cir. 2014). The likelihood of an ordinary consumer being misled is what matters. *See Parks v. LaFace Records*, 329 F.3d 437, 445–46 (6th Cir. 2003); *Abdul-Jabbar v. General Motors Corp.*, 85 F.3d 407, 410–11 (9th Cir. 1996). With advertising, even a parody of a celebrity can trigger liability; the critical question is whether consumers are likely to be

confused and believe that the aggrieved party endorses or approves of a product. *See White v. Samsung Elec. Am., Inc.*, 971 F.2d 1395, 1396, 1399–1401 (9th Cir. 1992) (remanding for trial on claim by TV hostess Vanna White that VCR ads featuring robot posed in wig and gown on Wheel of Fortune set implied her product endorsement and emphasizing importance of celebrity's level of public recognition). Martin insists that the 5-hour ENERGY commercial, which he calls "obscene," implies that he endorses the company's energy shot and even suggests that, without using the caffeinated drink, he would not have set a footbag record and become famous.

Martin's take on the commercial is not reasonable. His complaint credits himself with "mass appeal" as "the record holder of a household name," but whether that's bombast or taken seriously, we cannot imagine how this ad would confuse anyone into thinking that Martin himself endorses 5-hour ENERGY or that his use of the caffeinated drink explains a record set before the product came to market. The mention of Hacky Sack, after all, is sandwiched between obviously absurd achievements (which fine print in the 30-second commercial disclaims as "not actual results," although who possibly would believe that the actor, with or without an energy shot, had disproved the theory of relativity or found the elusive Bigfoot?). And Martin's personal endorsement of 5-hour ENERGY cannot logically be inferred from the actor's claim that he "mastered origami while beating the record for Hacky Sack"; the actor cannot be accused of *impersonating* Martin, since he brags of *besting*, not holding for years, a footbag record. To eclipse Martin's record in five hours would require a superhuman effort of three to four kicks per second, but, that aside, why would a viewer assume that it was Martin's footbag record which had fallen? The actor is shown kicking *two* footbags, and Guinness World Records credits Finnish footbagger Juha-Matti Rytilahti, not Martin, with the most consecutive kicks of two footbags. Moreover, despite exhibits attached to Martin's complaint showing that he once was featured in a Trivial Pursuit question and an Upper Deck trading card, he does not plausibly allege that he enjoys the degree of public notoriety necessary to support a claim under the Lanham Act for false endorsement. *See White*, 971 F.2d at 1400. Nor does he claim to have achieved his world title while creating origami animals, as the commercial depicts.

The district court thus was correct in dismissing Martin's claim under the Lanham Act, and at that point the court should have decided whether to retain supplemental jurisdiction over the Illinois statutory claim. *See* 28 U.S.C. § 1367; *Cortezano v. Salin Bank & Trust Co.*, 680 F.3d 936, 941 (7th Cir. 2012) (explaining that, ordinarily, if all federal claims are dismissed before trial, district court "should relinquish jurisdiction over supplemental state law claims rather than resolve them on the merits"); *Miller v.*

*Herman*, 600 F.3d 726, 738 (7th Cir. 2010) (same). The district court overlooked this step, however, because it incorrectly assumed the existence of diversity jurisdiction under 28 U.S.C. § 1332. The court reasoned that Martin had pleaded diversity of citizenship by alleging that he's "a long term resident" of Illinois while Living Essentials "is based in Michigan." Yet residence and *citizenship* may differ, so alleging only the former will not invoke diversity jurisdiction. *See Winforge, Inc., v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012); *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). And of particular significance in this case, the home "base" of a limited liability company, or LLC, is irrelevant, given that an LLC has the citizenship of each of its members, and Martin's complaint says nothing about the citizenship of the members of Living Essentials. *See Fellowes, Inc., v. Changzhou Xinrui Fellowes Office Equip. Co.*, 759 F.3d 787, 787–88 (7th Cir. 2014); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).

Because the district court thought that it had diversity jurisdiction, the court addressed Living Essentials' motion to dismiss and concluded both that Martin does not state a claim under the Illinois Right of Publicity Act and that, even if he did, his claim is barred by the statute of limitations. On the latter question the IRPA is silent, and the Supreme Court of Illinois hasn't provided guidance. The district court relied on *Blair v. Nevada Landing P'ship*, 859 N.E.2d 1188, 1192 (Ill. App. Ct. 2006), which does conclude that a one-year statute of limitations applies to claims under the IRPA. As far as we can tell, *Blair* is the only Illinois decision on point. The district judge overlooked, however, that in *Toney v. L'Oreal USA, Inc.*, 406 F.3d 905 (7th Cir. 2005), we remanded for trial an IRPA claim which another judge in the Northern District of Illinois had found to be timely but then dismissed for failure to state a claim, *see id*. at 907–10, *rev'g Toney v. L'Oreal USA, Inc.*, No. 02 C 3002, 2002 WL 31455975 (N.D. Ill. Nov. 1, 2002). In that lawsuit the district court accepted the plaintiff's position that the general five-year limitations period found in 735 ILCS 5/13-205 governs claims arising under the IRPA, a conclusion that on appeal wasn't challenged by the defendant or questioned by this court. Then in *Berry v. Ford Models, Inc.*, 525 F. App'x 451 (7th Cir. 2013), we expressly declined to decide if *Blair* is correct about the statute of limitations; the IRPA claim in *Berry* was frivolous, we explained, and thus we avoided "deciding a question of Illinois law in a case where the statute of limitations—whether one year or five—could not possibly make a difference," *id*. at 454.

As in *Berry* we decline to predict if the state supreme court would endorse *Blair*, since, once again, the answer does not matter. *See Abstract & Title Guar. Co. v. Chicago Ins. Co.*, 489 F.3d 808, 811 (7th Cir. 2007) (explaining that, although decisions of state intermediate appellate courts offer "persuasive guidance," if the "highest court in the

state has not spoken we must attempt to predict how we believe that court would decide"). As the district court recognized, Martin's complaint does not state a claim under the IRPA. That law prohibits the nonconsensual exploitation of an individual's "identity" for commercial purposes, 765 ILCS 1075/30, and broadly defines "identity" to mean "any attribute … that serves to identify that individual to an ordinary, reasonable viewer or listener," *id*. 1075/5. Examples given in the statute include the individual's name, signature, image, and voice, *id.*, and though the list isn't exhaustive, we agree with the district court that the phrase "the record for Hacky Sack" is too ambiguous to call an "attribute" of Martin. As noted above, no reasonable viewer would interpret the commercial for 5-hour ENERGY as referring to Martin, and because he does not plausibly allege that Living Essentials invoked his "identity" through the actor's statement, Martin fails to state a claim under IRPA.

AFFIRMED.