**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 14, 2018[*]
Decided June 20, 2018

*Before*

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 17-3569

| | |
|---|---|
| BEVERLY PALMER, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 16-C-2091 |
| UNIVERSITY OF ILLINOIS, *Defendant-Appellee.* | Colin S. Bruce, *Judge*. |

**O R D E R**

Beverly Palmer, a black administrator at the University of Illinois's College of Education, sued the University for employment discrimination after being denied a salary increase and given a negative performance review. She asserted that the University discriminated against her based on race and retaliated against her for complaining about both her performance review and the denial of her request for a pay

---

[*] We agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

increase. She also contended that the University retaliated against her for using leave under the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2612, 2615, by giving her the negative performance review. The district court entered summary judgment for the University. Because a reasonable fact finder could not conclude that Palmer's race affected her pay or performance evaluation, or that the University retaliated against her for filing complaints or taking FMLA leave, we affirm.

Palmer did not respond to the University's statement of undisputed facts, so the judge permissibly deemed them admitted. *See* C.D. ILL. L.R. 7.1(D)(2)(b)(6). We therefore present the University's version of the facts but still view them in the light most favorable to Palmer. *See Peretz v. Sims*, 662 F.3d 478, 480 (7th Cir. 2011).

After obtaining her college degree, Palmer, an office-support specialist, believed that she became eligible for a raise and new job duties, but she received neither. She sought a meeting with her supervisor, Associate Dean Christopher Span, to discuss the possibility of a promotion. He declined to meet with her, however, because the governing collective-bargaining agreement required the University to award promotions to employees in her position based on their years of service (not educational attainment) and passage of a civil-service exam (which Palmer had failed). Palmer complained to the Dean about Span's refusal to meet with her.

One month later Span gave Palmer a negative performance review, concluding that she needed to improve the quality of her work, her cooperation with others, attendance, and dependability. He also instructed Palmer, whose requests for FMLA leave the College had approved, to ensure that she notified her colleagues whenever she would be taking leave. In response Palmer filed a grievance with the University's Office of Diversity, Equity, and Access, asserting that she was being discriminated against because of her race and retaliated against for taking FMLA leave. The University investigated her allegations but found no supporting evidence.

The following semester Palmer believed that race motivated Span to verbally reprimand her for allowing too many students to register for a particular course. In her view a similar course-registration mistake made by Jena Pfoff, a white colleague, was handled by Span with more leniency (though the record contains no evidence regarding Span's response to Pfoff's mistake).

Palmer later sued the University of Illinois under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2(a)(1), 3(a), and the FMLA, 29 U.S.C. § 2615(a). She asserted that the University discriminated against her based on race in denying her request for a salary increase, reviewing her work performance negatively, and reprimanding her for the registration mistake. She also contended that the University retaliated against her for complaining to the Dean about Span's refusal to meet with her about a promotion, grieving her negative performance review, and taking FMLA leave.

The judge granted the University's motion for summary judgment. Regarding Palmer's discrimination claims, he concluded that Palmer had no evidence that the University denied her a promotion or gave her a negative performance evaluation because of her race. Nor did Palmer have evidence, the judge added, that the University punished her more harshly than Pfoff for her registration mistake. As for her Title VII retaliation claims, the judge ruled that (1) Palmer's complaint to the Dean did not constitute protected activity under Title VII because it did not concern racial discrimination; and (2) no reasonable fact finder could conclude that her negative evaluation was caused by her grievance with the Office of Diversity, Equity, and Access because she filed the grievance after receiving her negative evaluation. Regarding her FMLA retaliation claim, the judge decided that no reasonable fact finder could conclude that she received the negative review because she used FMLA leave.

On appeal Palmer argues that a reasonable fact finder could conclude that race motivated the denial of her request for a promotion, her negative performance review, and the harsher discipline she received. *See Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016). (She also points for the first time to 42 U.S.C. § 1981(a) as a basis for relief.) Regarding the denial of a promotion, she asserts that Alissia Young, a former University employee, is a suitable comparator under the framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973), because Young received a bonus after getting her master's degree 12 years earlier. But the record contains no evidence regarding Young's race, and Young worked in a different department under a different supervisor. *See David v. Bd. of Trs. of Cmty. Coll. Dist. No. 508*, 846 F.3d 216, 225–27 (7th Cir. 2017). As for Palmer's negative review, she asserts that when preparing performance evaluations, Span solicited feedback from professors and administrators for only black employees. But because Palmer did not respond to the University's statement of facts, the judge deemed admitted Span's statement that he evaluated all employees in the same manner. So Palmer's unsworn assertion to the contrary does not create a factual dispute. Finally, pointing to Span's reprimand for her registration error,

Palmer contends that Span punished her more harshly than Pfoff. But Palmer presented no evidence about Span's response to Pfoff's mistake, so we cannot compare the responses.

Palmer next argues that a reasonable fact finder could conclude that she was retaliated against for complaining to the Dean, grieving her negative performance evaluation, and taking FMLA leave. But Palmer's complaint to the Dean did not mention racial discrimination and thus is not protected activity under Title VII or § 1981. *See Tomanovich v. City of Indianapolis*, 457 F.3d 656, 663 (7th Cir. 2006). Moreover, she filed her grievance after she received her performance evaluation, so a reasonable fact finder could not conclude that her grievance caused her negative evaluation. Finally, Palmer does not point to any evidence of a causal connection between her taking FMLA leave and receiving the negative performance review. *See King v. Ford Motor Co.*, 872 F.3d 833, 841 (7th Cir. 2017).

We have considered Palmer's other arguments, and none has merit.

AFFIRMED